SAMUEL HOWARD v. THE TERRITORY OF OKLAHOMA.

(Filed February 11, 1905.)

1. **INDICTMENT—Stealing Domestic Animals—Allegations.** Section one of article two of chapter twenty of the session laws of 1895 provides: "That if any person shall steal any stallion, mare, colt, gelding etc. * * * * he shall be guilty of a felony, and, on conviction thereof, shall be punished by confinement in the territorial penitentary for a term of not less than one nor more than ten years." Under this law an indictment need not allege the value of the animals stolen.

2. **EVIDENCE—Sufficient, when.** Where the evidence is sufficient to support the verdict, ordinarily, this court will not reverse the case because the greater number of witnesses may have testified favorably to the defendant on the principal points in the case. The jury have a better opportunity to determine the credibility of the witnesses than have the judges of an appelate court.

3. **EVIDENCE—Questions by Trial Judge.** A trial judge has a right to ask of any witness on his own motion such questions as will tend to elicit the truth, but they should be asked in a spirit of fairness and in such a way as will not tend to prejudice the jury against the rights of either the Territory or the defendant.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*J. A. Powers* and *Cotteral & Horner,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Assistant Attorney General,* for defendant in error.

Opinion of the court by

BURWELL, J.: The appellant, Samuel Howard, was tried and convicted of the crime of stealing domestic animals,

under section one of article two of chapter twenty of the session laws of 1895, which provides:

"That if any person shall steal any stallion, mare, colt, gelding, ridgling, or any ass, jenet, or mule, or any bull, cow, calf, steer or stag, he shall be guilty of a felony and, on conviction thereof, shall be punished by confinement in the territorial penitentiary for a term of not less than one nor more than ten years."

The indictment in this case charged the defendant and one, Samuel Biby, with having stolen five cows, but fails to allege the value of the property stolen, and by reason of this omission the appellant insists that no public offense is charged. This contention is without merit. The legislature has made it a felony to steal any of the animals named in the statute of 1895, without regard to value. This court said, in the case of *Hughes v. The Territory,* 8 Okla. 37, in commenting upon this same statute, that: "We do not mean to convey the idea that a thing which has no value can be stolen;" and counsel for defendants in this class of cases have sought to interpret this language into an intimation that it is necessary to allege value in indictments for stealing domestic animals. No such a thought was in the mind of the court, nor is the language, when considered in connection with that which precedes and that which follows, susceptible of that construction. The legislature, however, in that act recognized that every domestic animal named in the statute had some value. It may be great or it may be small, but that they each have a value, for some purpose, is not open to controversy; and he who takes from another any of those animals by stealth, and with intent to deprive him thereof, and to appropriate the same to his own use and benefit, is

guilty of a felony; and no value need be alleged or proved. The legislature having eliminated the question of value from the statute, the court has no right, by interpretation, to put it in. (*Woodring v. The Territory*. [Not yet officially reported].)

There is sufficient evidence in this case to support the judgment of conviction. The jury saw the witnesses and had a better opportunity to determine their credibility than have the judges of this court. The witnesses who testified against the defendant may have been prejudiced; they may have been actuated by improper motives; but those are matters which the jury, no doubt, considered and determined on the trial below.

It is next contended that the trial court committed reversible error by interrogating witnesses on his own motion, to the prejudice of the defendant; and it is insisted that some of the questions asked were incompetent. Counsel have failed to direct our attention to the particular questions which they contend were erroneous and prejudicial, and, under the rule of this court, the point is therefore deemed to be waived. In this connection, however, it may be well to observe that counsel sometimes misapprehend the office of a trial judge and the real purpose of a criminal trial. A trial should not be conducted in such a way as to aid the guilty to escape or to punish the innocent. Trials, in fact as well as in theory, should proceed in a manner which will elicit the truth and thereby protect the innocent and punish the criminal. A trial court not only has the lawful right, but there are cases in which it is its absolute duty, to either direct the prosecuting officer to make inquiry as to a particular matter, or do so itself. A court is not compelled to sit quietly by and

see one wrongfully acquitted or unjustly punished, when a few questions asked by it might elicit the truth.    But this power should be exercised with discretion, and in such a way as not to prejudice the rights of the Territory or of the defendant.    In the trial court a defendant should be accorded every reasonable opportunity to make his defense, and the court should see to it that he is surrounded by every safeguard of the law. . When this is done he should be compelled to submit to the searchlight of truth, and, by the facts which it reveals, go free or stand condemned.    It is only by this standard that the citizen can be protected in his life and property; by the enforcement of this rule the law will command his admiration and respect.

The judgment of the lower court is hereby affirmed, at the cost of the appellant.

Beauchamp, J., who presided in the court below, not sitting; all of the other Justices concurring.