FRED D. KLINE *et al*. v. C. L. HIGDAY.

(Filed February 11, 1905.)

**PRACTICE—Dismissal for Want of Prosecution—Refusal to Reinstate Not Error, When.** Where a case has been set for trial, it is the duty of the parties and their attorneys to be in attendance upon the court with their witnesses on the day of trial, and to be ready to try the same when it is called; and they have not the right, ordinarily, to assume that another case which is on trial ahead of it will consume a given length of time; and when the parties and their attorneys absent themselves, and during their absence the case is reached and dismissed for want of prosecution, and the only showing made is that the attorney and the plaintiff left the courtroom a short time before the noon adjournment, believing that the case on trial would last during the remainder of that session, it is not an error to refuse to reinstate such case.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Daniel Huett,* for plaintiff in error.

*H. J. Sturgis,* for defendant in error.

Opinion of the court by

BURWELL, J.: This case involves fifty dollars. It was tried before a justice of the peace and, after judgment, appealed to the district court. Eighteen months thereafter the defendant obtained leave of court and filed a written answer, the case being set for trial the next day. But even if the law requiring issues to be made up for ten days prior to the first day of the term applied, the record is in such condition that the point cannot avail the appellant. On the day of the trial the plaintiff and his attorney were present in court, and a short time before the noon adjournment, the attorney told the plaintiff that he was safe in leaving the

Kline *et al* v. Higday.

court room, as the case on trial just ahead of it would consume the remainder of the session. The plaintiff and his attorney left the court room, and, during their absence and before adjournment, the other case having been finished, this case was called, and dismissed for want of prosecution. It is insisted that this was error, for which the lower court should be reversed. With this contention, under the showing, we cannot agree. It is the duty of counsel to be in attendance upon court and look after the interests of his client, and it is the duty of the parties to be ready with their witnesses to try their cases when they are called on the trial calendar. Courts are not compelled to send out and persuade lawyers and litigants to come in and try their cases, but may dispose of the business when it is reached, by either trying the cases in their absence, or by dismissing them, or by making such orders therein as may be just and proper. It is impossible for courts, where a number of cases are set for the same day, to tell just what minute a case may be reached; and while courts as a rule will do their best to accommodate lawyers and litigants, it will not do to say as a matter of law, that they are required to send for them. Some courts are more indulgent than others, due largely to the difference in temperament of the judges, and in the difference in the amount of business to be transacted; but in case like the one now under consideration, the question to be determined is: Did the trial court abuse its discretion in entering the order and judgment complained of? The record fails to justify such a conclusion. The judgment is affirmed at the cost of the appellant.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.