### BERT HICKS v. UNITED STATES.

No. 868, Ind. T.    Opinion Filed September 7, 1909.

(103 Pac. 873.)

1.    **TRIAL—Fairness.**  Absolute fairness must characterize every action and ruling of a trial court.

2    **TRIAL—Opinion of Court on Credibility of Witnesses.**  The trial court must abstain from any act or word indicating its opinion as to the credibility of any witness who may testify, either for or against the defendant.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; Louis Sulzbacher, Judge.*

Bert Hicks was convicted of larceny, and appeals. Reversed and remanded.

On the 5th day of October, 1906, Bert Hicks (hereinafter called defendant) was indicted for the offense of larceny of a steer. Defendant was arraigned and pleaded not guilty. Upon the trial of the case the defendant was convicted, and sentenced to 15 months' imprisonment in the penitentiary, and the case is now regularly before us on appeal .

*Hoffman & Robertson* and *Charles B. Wilson, Jr.,* for appellant.—On court's intimation of his opinion as to credibility of witness: Thompson on Trials, § 218; *Wilson v. Territory,* 9 Okla. 331; *McMinn v. Whelan,* 27 Cal. 319; *State v. Lucas* (Or.) 33 Pac. 538; *State v. Coella* (Wash.) 28 Pac. 28; *Garner v. State* (Fla.) 9 So. 835; *Pound v. State,* 43 Ga. 88; *Massie v. Com.* (Ky.) 24, S. W. 611; *Bunker v. Cummins* (Ind.) 32 N. E. 732; *Cronkhite v. Dickerson* (Mich.) 16 N. W. 371.

*Charles L. Moore,* Asst. Atty. Gen., for the United States.

FURMAN, PRESIDING JUDGE. First. The prosecution offered two witnesses in chief, viz., Joseph Chamberlain, the owner

of the steer alleged to have been stolen, and Fred Warren. The latter witness was the only person who in any manner connected the defendant with the steer. While he was on the witness stand and was being cross-examined, the trial court interrupted the cross-examination and among other things said: "That boy is all right." At another time the trial court said to the witness, while still on the stand: "After the trial is all over, I want to see you and your father in my room." Several other things were said during the trial which tended to indicate bias in favor of the prosecution and prejudice against the defendant on the part of the trial court. Trial courts cannot be too careful and guarded in their efforts to avoid allowing the juries to discover the opinion of the judge as to the weight of the evidence and the credibility of the witnesses. No judge has the right to throw his opinion as to the credibility of any witness for the state or the defendant as a firebrand into the jury box. "Absolute fairness to all who have business here" should be written over the portals of every court in Oklahoma, and this principle should control every action and every ruling of our trial courts.

In this case there was a conflict in the evidence. The question as to the credibility of the witness should have been left to the determination of the jury, without advice or assistance from the court. We cannot escape the conclusion that the jury may have been influenced by the clearly expressed partiality of the trial court for the prosecuting witness, Warren, upon whose testimony the guilt of the defendant was sought to be established. We have no idea that the trial court intended to be unfair in the trial of this case; but this did not destroy the effect of what was said and done. After having told the jury that the witness Warren was all right, it was idle for him to instruct the jury that they were the exclusive judges of the credibility of the witnesses and the weight of the testimony. The court had already affixed its seal of approval upon the witness for the prosecution, and had driven the nail through and bradded it down on the other side, by telling the jury that Warren was all right. We do not know as

to whether the jury convicted the defendant upon the testimony of Warren or upon the unsworn statement of the judge: We cannot permit such a verdict to stand. Unfairness, whether intentional or not, taints everything it touches, and will vitiate a verdict unless it clearly appears from the record· that there was no rational conclusion at which the jury could have arrived favorable to the defendant, and it must be absolutely clear upon this question, to wipe this taint out. Such is not the condition of the record in this case.

The judgment of conviction is therefore set aside, and the case is reversed and remanded.

DOYLE and OWEN, JUDGES, concur.