## CHARLIE REED v. STATE.

No. A-349.  Opinion Filed April 18, 1911.

(114 Pac. 1114.)

1.  **APPEAL—Conduct of Judge—Reversal.** When a conviction is had upon a record showing that the trial court in the presence of the jury orders a material witness for defendant, or the defendant, held upon a charge of perjury, alleged to have been committed in giving his testimony in the trial, such judgment will be reversed, and a new trial awarded.

2.  **TRIAL—Conduct of Judge—Comment on Witness.** It is the duty of trial courts to refrain from allowing their actions or words to indicate to the jury their opinion of the credibility of any witness who testifies in a case upon trial before them, or of the merits of any such case.

(Syllabus by the Court.)

*Appeal from Custer County Court; A. H. Latimer, Judge.*

Charlie Reed was convicted of selling intoxicating liquors, and appeals. Reversed and remanded.

*Holcomb & Bulow,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

ARMSTRONG, JUDGE. The plaintiff in error, Charlie Reed, was convicted in the county court of Custer county on the 10th day of October, 1908, for selling intoxicating liquor, and has perfected his appeal in this court.

The only question necessary to consider in determining this appeal is the allegation of misconduct on the part of the trial court and county attorney. It appears that the trial court ordered the plaintiff in error, upon the request of the county attorney, in open court and in the presence of the jury, to be held on a charge of perjury alleged to have been committed in giving his testimony in the trial, at the close of the defendant's testimony and before he left the stand. The record discloses the following proceeding:

"The county attorney asks that the sheriff hold this boy in his custody—that he believes that he has wilfully perjured himself. Whereupon, in the presence of the jury, the court had the defendant placed in the custody of the sheriff for perjury. To which the defendant excepts."

Such conduct as this on the part of trial courts and prosecuting attorneys cannot be overlooked by this court, and a judgment of conviction, had upon a record showing such procedure, will be set aside on appeal, and a new trial awarded.

Prosecuting attorneys and the trial courts cannot be excused for making such blunders. The most liberal advocate of the doctrine of harmless error could not insist that a conviction secured under such circumstances should be allowed to stand. Every person brought to the bar of justice is entitled to a fair and impartial trial under the law. The action of the court in this case, in ordering the defendant into the custody of the sheriff on a charge of perjury upon the request of the county attorney, was in effect saying to the jury that the court was of the same opinion as that expressed by the county attorney. Trial courts should

carefully refrain from allowing their actions or words to indicate to the jury any opinion whatever as to the merits of any case upon trial before them, or their idea of the credibility of any witness who testifies, before a verdict is rendered, and especially so in the trial of criminal cases.

There are other errors in this record; but for that indicated the judgment is reversed, and this cause remanded to the county court of Custer county, with directions to grant the plaintiff in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.