## F. C. BAKER v. STATE.

No. A-1422.    Opinion Filed March 15, 1913.

(130 Pac. 524.)

1. **APPEAL—Writ of Error—Review—Questions of Fact.** In the absence of prejudicial error, this court has uniformly declined to disturb the verdict of a jury on controverted questions of fact.

2. **TRIAL—Questions for Jury—Insanity of Accused.** When a plea of insanity is entered on behalf of a person on trial for crime in the courts of this state, the issue as to whether or not he was sane or insane at the time of the commission of the offense is one for the jury, to be determined from all the facts and circumstances in evidence under proper instructions from the court, and is not an issue upon which an accused is entitled to an instruction advising an acquittal. Such issue should be fairly submitted to the jury under the doctrine laid down in **Adair v. State,** 6 Okla. Cr. 284, 118 Pac. 416.

3. **JURY—Objection to Panel—Waiver of Error.** (a) An objection to the jury panel, raised after the verdict of the jury, in the absence of any showing or contention that the accused had other than a fair and impartial trial, will not be considered on appeal.

   (b) It is the duty of counsel to raise, at the proper time and in the proper manner, all objections to the proceedings, and save proper exceptions. When this is not done, they are treated as waived, and there are few exceptions to this rule.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County;*
*John D. Chappelle, Judge Pro Tempore.*

F. C. Baker was convicted of felonious assault, and appeals. Affirmed.

*John A. Remy,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen. (*R. E. Gish,* of counsel), for the State.

ARMSTRONG, P. J. The plaintiff in error, F. C. Baker, was convicted in the superior court of Logan county on a charge of assault with intent to kill, committed on the person of his wife, and his punishment fixed at imprisonment in the

penitentiary for a period of seven years. The accused as a defense interposed a plea of insanity. We have carefully considered the proofs introduced at the trial and find that they fully warrant the verdict of the jury.

Counsel urge certain errors of law as ground for reversal. The fact that there was testimony introduced at the trial which would warrant a jury in returning a verdict of not guilty is no ground for reversal when there is strong testimony justifying a conviction. This court has uniformly declined to disturb the verdict of a jury on issues involving controverted questions of fact, in the absence of prejudicial errors of law.

Counsel in his brief urges the court to reverse this judgment on the ground that the court erred in overruling the motion to advise a verdict. It appears from the record that this motion, omitting the caption and formal parts, is as follows:

"The court instructs the jury in this case that the defendant interposes the defense of insanity; that there has been substantial evidence introduced by the defendant in support of said plea, and therefore, as there has been no substantial evidence introduced by the state which tends to contradict the same, it will be your duty to return a verdict of not guilty because of his insanity."

The motion was overruled, and properly so. This question was correctly submitted to the jury by the instructions of the court. Trial courts in Oklahoma are limited in their power to interfere with the determination of issues of fact; and, where there are any facts from which the jury can legitimately deduct either of two conclusions, a motion to advise a verdict should always be denied, and the question of fact properly submitted under instructions given.

Counsel next urges that the court erred in permitting nine of the jurors, who served on this panel, to sit in this case, because they had served more than two weeks prior to the time this case was called, and had not been held over for further service by an order of the court. The record is silent on this point. No objection was made to the panel, and this question was not raised until conviction resulted. There is nothing in

the record to indicate that the accused had other than a fair and impartial trial at the hands of the jury as it was selected. We have uniformly declined to consider questions on appeal that were not raised at the proper time in the trial court, except such as constitute fundamental error or error prejudicial *per se*. Without entering into a discussion of the statute bearing on this point, we decline to interfere with this judgment on this ground, for the reason that the question was not properly raised in the trial court.

Counsel next complains of instructions of the court. We have carefully read the instructions, and find that the issues were properly submitted, and the doctrine laid down in the case of *Adair v. State*, 6 Okla. Cr. 284, 118 Pac. 416, strictly adhered to. There is no prejudicial error in the instructions.

The only other assignment of error argued in the brief is based upon alleged prejudicial statements made by the county attorney in his argument to the jury. We have carefully examined the record; and, while the argument of the county attorney may be subject to criticism, we are not able to say that this judgment should be reversed upon the ground that the argument was improper and prejudicial. The county attorney should have been reprimanded and the jury admonished to ignore the statements upon which this assignment is based. But counsel for the accused did not ask such action of the court; and the statements are not of sufficient prejudicial character to justify this court in reversing the judgment on the ground that the error was fundamental.

We are of opinion that the judgment should be affirmed, and it is so ordered.

DOYLE and FURMAN, JJ., concur.