## C. T. TALLIAFERRO v. STATE.

No. A-3579. Opinion Filed Oct. 13, 1921.
(200 Pac. 1068.)

(Syllabus.)

1. Appeal and Error—Extension by Appellate Court of Statutory Time for Making and Serving Case-Made. Under the provisions of sections 5246 and 5247, Rev. Laws 1910, in case of accident or misfortune which could not have been reasonably avoided by the party appealing, the appellate court may, upon a proper showing, make an order fixing the time for making and serving a case, or filing the same in the appellate court, beyond the time allowed by statute, but not beyond the time within which an appeal may be commenced in the appellate court.

2. Evidence—Incompetency—Unidentified Samples in Liquor Case. Where the accused is on trial for the willful and unlawful selling of "spirituous liquor, to wit, alcohol, commonly called Jamaica ginger," it is prejudicial error to permit the state to introduce in evidence unidentified samples of flavoring extracts of ginger, not shown to have been sold by the defendant nor to have been in his possession, and to permit the state to perform experiments with such extract in the presence of the jury.

3. Trial—Improper Remarks of Court Directing Witness to be Held for Perjury. The court should not, either by word or action, intimate to the jury that he believes the defendant guilty; and where the remarks of the court, expressing such intimation, are made in connection with an order of the court, in the presence of the jury, directing a witness on the stand to be held on a charge of perjury, it is prejudicial error.

4. Same—Procedure Should be in Absence of Jury. In order to eliminate any intimation to the jury of the judge's opinion of the weight of the testimony, where it becomes necessary or advisable to order a witness committed for perjury during the trial, the jury should be directed to retire, and the order should be made in the absence of the jury.

Appeal from County Court, Noble County; A. Duff Tillery, Judge.

C. T. Talliaferro was convicted of a illegal sale of spirituous liquor and sentenced to serve 90 days in the county jail and pay a fine of $500, and he appeals. Reversed and remanded.

P. W. Cress, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.    C. T. Talliaferro, plaintiff in error, in this opinion designated the defendant, was convicted on February 24, 1919, in the county court of Noble county, of willfully and unlawfully selling, on November 13, 1918, to Ralph Shiffer, "four ounces of spirituous liquor, to wit alcohol, commonly called Jamaica ginger." The court fixed his punishment at imprisonment in the county jail for 90 days and a fine of $500.

It is first urged, on the part of the state, that the appeal taken in this case was filed too late, and that for this reason this court is without jurisdiction to review the case. Section 5246, R. L. 1910, among other things, provides that in case of accident or misfortune the trial judge, upon notice to the adverse party, may make an order fixing the time for filing a case-made beyond the time allowed by statute, but not beyond the time within which an appeal may be commenced in the appellate court. Section 5247, following, authorizes the appellate court to make such an order after the trial court has refused to do so. That was done in this case, by order of June 25, 1919, a portion of which is here quoted and is self-explanatory, as follows:

"It is therefore ordered, adjudged, and decreed that on account of accident and misfortune which could not have been reasonably avoided by the party appealing that the time for filing said appeal and case-made in the Criminal Court of Appeals of the State of Oklahoma be and the same is hereby extended for an additional period of 60 days beyond the time allowed by statute within which to take the appeal, and that the full 120 days' period be and the same is hereby granted to the plaintiff in error, defendant below, within which to file his appeal in this cause."

The assignments of error urged by the defendant may be summarized as follows:

(1). That the information is indefinite and duplicitous.

(2). That the defendant's application for a change of judge should have been granted.

(3). That the defendant's motion for a continuance should have been sustained.

(4). That the defendant's motion challenging the jury panel should have been sustained.

(5). That the evidence adduced by the state was insufficient to warrant a conviction.

(6). Prejudicial misconduct of the trial judge, preventing the defendant from having a fair trial.

(7). The introduction of incompetent and prejudicial testimony on the part of the state, over the objections of the defendant.

It would serve no good purpose and would extend this opinion unnecessarily to set out and analyze this record as it related to the various errors of which complaint is made. It will be necessary only to notice the question of the sufficiency of the evidence and the alleged misconduct of the trial court.

The state offered, as its proof in chief, the testimony of three witnesses, Ralph Shiffer, Everett Nelson, and Fred Beers. Witness Shiffer testified in substance that he purchased from the defendant in his store at Perry two small bottles of ginger extract, that he mixed this extract with a short quart of alcohol, and that he and two others drank this mixture. The testimony indicated that the witness was intoxicated at the time he began drinking this mixture. It seems that the county attorney had procured from some store other than that belonging to the defendant a two-ounce sample

bottle of flavoring extract of ginger. This was not identified as ever having been in the possession of the defendant. The witness' attention was called to this sample bottle, and his examination proceeded and ended as follows:

Q. You don't remember telling the court that you became intoxicated on stuff just like that in that bottle?

By Mr. Johnston: We object to that as incompetent, irrelevant, and immaterial.

By the Court: Overruled. Exception allowed.

A. I remember of telling him of drinking that stuff when I was intoxicated.

By the Court: Don't you remember telling the court that you got drunk on that stuff you got from him?

By Mr. Johnston: Objected to as incompetent, irrelevant, and immaterial.

A. I don't remember it.

By Mr. Johnston: Objected to as incompetent, irrelevant, and immaterial, and note that each question and answer is objected to here.

Q. You came to the court on a charge of drunkenness?

A. Yes, sir.

By Mr. Johnston: Objections.

By the Court: And you were asked where you got the liquor that made you drunk, or ginger?

By Mr. Johnston: Objected to as incompetent, irrelevant, and immaterial.

A. Yes, sir.

By the Court: And you stated that you got it from Talliaferro? You stated that you were drinking extract; didn't you state that you got it from Talliaferro? A. No, sir.

By the Court: Mr. County Attorney, I will ask you to take charge of this man and bring proceedings against him on a charge of perjury. Mr. Sheriff, take the witness up to the jail and——

By H. E. St. Clair: We object to this.

Under the circumstances in this case, the introduction in evidence of this sample bottle of flavoring extract of ginger, not identified as ever having belonged to the defendant, or having been in his possession or sold by him, was incompetent and prejudicial.

The other two witnesses for the state, Nelson and Beers, were professional druggists who were permitted to testify that this bottle of flavoring extract of ginger, marked "State's Exhibit B," contained ginger and alcohol. The county attorney, in the presence of the jury and in the presence of each of these witnesses, poured out a portion of State's Exhibit B and burned it, and these witnesses in effect testified that it was their opinion, from the color of the flame, the odor, appearance, and taste, that the contents of this bottle was composed of alcohol, ginger and water. No chemical analysis was offered, but in the opinion of these witnesses the alcoholic content exceeded eight per cent.

In view of the fact that this small bottle, State's Exhibit B, was not identified as belonging to the defendant or coming from his place of business, and no showing was made that the defendant had anything to do with the samples introduced in evidence, this testimony, and experiments made with State's Exhibit B in the presence of the jury, in our opinion, was incompetent and prejudicial.

It will be observed from the testimony hereinabove quoted that the trial judge interfered with the examination of the witness Shiffer in such a manner as to indicate to the jury that the court believed the defendant was guilty, by the remarks made by the court in the presence of the jury at the time he ordered the witness held on a charge of perjury. The general rule is that the commitment of a witness for perjury, during the trial and in the presence of the jury, is prejudicial

error. Notes, Swink v. State, 19 Ann. Cas. 422. Where such action amounts to an intimation of an opinion on the part of the judge as to the guilt or innocence of the defendant, a commitment of a witness for perjury in the presence of the jury is error.    26 R. C. L. 1020; Reed v. State, 5 Okla. Cr. 365, 114 Pac. 1114.

In the case of McNutt v. United States (C. C. A.) 267 Fed. 670, quoting from the opinion:

"If the thought suggests itself that Paine was not the defendant's witness, the answer is that it was because, though called by the prosecutor, he commenced to testify to a fact favorable to the defendant that he was taken in hand by the court and at the end of his testimony directed to be committed for perjury."

From the above quotation it would appear that the situation in the McNutt Case was similar to that in the case at bar. So soon as the state's witness began to testify favorably to the defendant, the court took him in charge and proceeded with his examination, and when it developed that his testimony was unfavorable to the state, the court, by his remarks made in connection with his order committing the witness for perjury, left a strong impression with the jury that he believed the defendant guilty. This was prejudicial error.

Some of the other assignments of error seem to have more or less merit, but it will be unnecessary to consider them here. For the reasons above stated, the cause is reversed and remanded. It might not be out of place to suggest that if this case is retried below the information would be made more definite and drawn in such form as to avoid duplicity.

DOYLE, P. J., and MATSON, J., concur.