## GEORGE STRICKER v. STATE.

No. A-4612.    Opinion Filed Feb. 12, 1924.
(222 Pac. 704.)

(Syllabus.)

1. **Witnesses—Interrogation by Court—Fairness.** A trial judge has the right to ask any witness, on his own motion, such questions as will tend to elicit the truth, but they should be asked in a spirit of fairness, and in such a way as will not tend to prejudice the jury against the rights of either the state or the defendant.

2. **Trial—Court not to Indicate to Jury Opinion as to Merits or Credibility of Witnesses.** No trial judge has the right to indicate to the jury, by word or action, his opinion as to the merits of a case being tried, or as to the credibility of any witness examined.

3. **Intoxicating Liquors—Unlawful Manufacture of Wine—Insufficiency of Evidence.** In a prosecution for unlawful manufacturing of wine, evidence considered, and held insufficient to support the verdict and judgment of conviction.

Appeal from County Court, Woodward County; H. B. King, Judge.

George Stricker was convicted of manufacturing wine, and he appeals. Reversed.

Chas. R. Alexander, for plaintiff in error.

George F. Short, Atty Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried upon an information charging that he did unlawfully manufacture 6 gallons of wine by pressing the juice from grapes and adding sugar to the juice, and by process of fermentation manufacture said wine.

The jury returned a verdict finding him guilty, and fixed his punishment at a fine of $250 and confinement for 60 days in the county jail. He has appealed from the judgment rendered upon such conviction.

The assignments of error relate to the conduct of the court in the examination of the defendant, instructions given to the jury and the sufficiency of the evidence taken as a whole to sustain the verdict.

The Attorney General concedes that the conviction cannot be sustained, and after a careful reading of the record we are convinced that the evidence is insufficient to support the verdict and judgment of conviction, and we adopt the confession of error as the opinion of the court. It is as follows:

"The record in this case discloses that the plaintiff in error was the husband of a wife who was affected with tuberculosis; that her physician advised her to procure and use wine as a tissue builder and stimulant; that her husband went to a vineyard some 10 or 12 miles away and purchased 75 pounds of grapes and brought same to his home; and that out of said grapes so purchased by the plaintiff in error, the wife manufactured about 6 gallons of grape wine. Later on the sheriff and some of his deputies searched the premises and confiscated the wine, and caused to be filed against the plaintiff in error the information upon which he was convicted, and from which judgment and sentence this appeal is prosecuted. During the progress of the trial, the following dialogue was had between the court and the plaintiff in error:

" 'By the Court: Q. You say that you bought the grapes for your wife? A. Yes, sir. Q. Did she do all the work with them? A. She made the wine. Q. But you went and got them for her? A. Yes, sir. Q. Now, Mr. Stricker, do you mean to place all of the blame on your wife for making this wine? A. Why not? She made it. Q. You went after the grapes, yet you say that you had nothing to with making the wine? A. She said she needed it.'

"In the case of Howard v. Territory, 15 Okla. 201, 79 Pac. 774, the court said: 'A trial should not be conducted in

such a way as to aid the guilty to escape or to punish the innocent. Trials, in fact as well as in theory should proceed in a manner which will elicit the truth and thereby protect the innocent and punish the criminal. A trial court not only has the lawful right, but there are cases in which it is its absolute duty to either direct the prosecuting officer to make inquiry as to a particular matter, or do so itself. A court is not compelled to sit quietly by and see one wrongfully acquitted or unjustly punished, when a few questions asked by it might elicit the truth. But this power should be exercised with discretion, and in such a way as not to prejudice the rights of the territory or of the defendant. In the trial court a defendant should be accorded every reasonable opportunity to make his defense, and the court should see to it that he is surrounded by every safeguard of the law. When this is done he should be compelled to submit to the searchlight of truth, and, by the facts which it reveals, go free or stand condemned. It is only by this standard that the citizen can be protected in his life and property; by the enforcement of this rule the law will command his admiration and respect.'

"This principle has been promulgated and adopted by this court in Harrison v. State, 11 Okla. Cr. 14, 141 Pac. 236, and in Talliaferro v. State, 20 Okla. Cr. 57, 200 Pac. 1068. We are inclined to believe, and do believe that the evidence introduced against the plaintiff in error, in the trial below, was not sufficient to warrant a conviction upon the crime charged, and we further believe that, if it were sufficient, prejudicial error was committed by the court in indicating to the jury that he believed the plaintiff in error to be guilty.

"We therefore respectfully suggest that this cause should be reversed."

For the reasons given, the judgment of conviction is reversed.

MATSON, P. J., and BESSEY, J., concur.