## KATE WESTFALL v. STATE.

No. A-5024.   Opinion Filed April 18, 1925.
(235 Pac. 270.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Sale—Proof of Reputation of Accused's Residence not Admissible.** Where, on a charge of selling intoxicating liquors at the place of residence of the defendant, proof on the part of the state that the general reputation of the residence as being a place where intoxicating liquors are sold is bad is not admissible.

2. **Appeal and Error—Trial—Expression or Intimation of Court's Opinion as to Weight to be Given Testimony, or Guilt of Accused, Prejudicial Error.** It is the duty of a trial court in making any order or ruling in the presence of the jury to refrain from intimating or expressing an opinion as to credibility of the witnesses, the weight and value to be given to their testimony, the facts proved, or the guilt of the defendant, and the expression or intimation of such opinion is prejudicial error.

Appeal from Superior Court, Okmulgee County; J. H. Swan, Judge.

Kate Westfall was convicted of selling intoxicating liquors, and appeals. Reversed and remanded.

Don Cameron and D. E. Ashmore, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.    The plaintiff in error was convicted of selling intoxicating liquors and sentenced to pay a fine of $300, and to serve a term of imprisonment in the county jail of four months.

Among other assignments of error, it is contended that in the trial of the case the court, over the objection of the plaintiff in error, admitted evidence that the place of residence of the plaintiff in error, where the sale is alleged to have taken place, had the reputation of being a place where intoxicating liquors were sold, and it is contended that this constitutes prejudicial error. It has been held by this court that where a person is prosecuted on a charge of having possession of liquor with the intent to sell and the proper predicate is laid, the general reputation of the place where the liquors are found is competent and admissible.    Davis v. State, 16 Okla. Cr. 372, 182 P. 908; Bland v. State, 18 Okla. Cr. 514, 196 P. 732.

This line of evidence is admitted in that class of cases as tending to prove the intent with which the intoxicating liquors are kept, but where a single sale is charged the intent is not an ingredient of the offense, and the reason for admitting evidence of reputation does not apply.    It follows that the admission of such evidence is erroneous.

At the conclusion of the evidence for the state, the

plaintiff in error interposed a demurrer to the evidence. Whereupon the court in the presence of the jury commented upon the weight of the evidence and overruled the demurrer. The plaintiff in error then excepted to the ruling, but did not specifically except to the language of the court, but apparently it was intended that the exception should apply, and we shall treat the exception taken as going both to the ruling and remarks of the court.

In the trial of criminal cases, the judge of the court occupying as he does a position of authority, jurors ordinarily give great weight to the attitude and opinion of the judge, if by chance this comes to their knowledge. A judge should therefore exercise great caution in his remarks in the presence of the jury and, in making any ruling, refrain from any expression or intimation of his opinion as to the guilt or innocence of the defendant, or as to the weight or credibility of the evidence or the facts proven. Reed v. State, 5 Okla. Cr. 365, 114 P. 1114; Talliaferro v. State, 20 Okla. Cr. 57, 200 P. 1068.

The language of the court in this case, omitting the introduction, is as follows:

"This man testifies—I have to go by the evidence introduced. This man testified he went down there and bought three drinks of whisky and paid for it. If that does not make out a case, I don't know what will."

This, we think, clearly is a comment on the weight and credibility of the evidence and an intimation of the opinion of the court, and is prejudicial.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.