# ROBERT SIMMONS v. STATE.

No. A-5043.   Opinion Filed Aug. 26, 1925.
(238 Pac. 871.)

G. L. Bynum and W. C. Hall, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the superior court of Okmulgee county on a charge of unlawful possession of intoxicating liquor, the plaintiff in error, hereinafter referred to as defendant, has appealed, assigning as error, first, that the court admitted incompetent evidence; second, misconduct of the trial judge.   The record discloses that a search of the premises of the defendant was made by the sheriff of Okmulgee county and others, and there was found two quarts of Scotch whisky, half gallon of corn whisky, half gallon of wine, and a quart of gin, numerous jugs smelling of whisky, and a quantity of empty bottles.

Upon the first assignment, the defendant contends that the court permitted incompetent evidence of the reputation of the premises of the defendant.   The evidence of reputation is competent, and, while the witnesses who testified on this point did not show themselves very well acquainted

with the reputation of the premises, yet, since the qualification of a witness as a general rule is for the determination of the trial court, and since the objection goes more to the weight than to the admissibility of the evidence, we think this assignment does not present reversible error. Prendergast v. Sate, 31 Okla. Cr. 8, 236 P. 903, and authorities cited therein.

The next contention is that the judge in the course of the trial made statements indicating his opinion of the guilt of the defendant, and abused his discretion when he examined witnesses. The record discloses that in the course of the trial the court conducted a rather lengthy and vigorous examination of one of the principal witnesses for the state, and upon the defendant's counsel objecting and requesting a record, the court said:

"The reporter will make record of everything this court does. The court has no desire to infringe on the attorneys. The court has only one desire, he wants to see justice done between the state and the defendant in this case, and the court is not going to permit any technicalities to defeat the cause of justice between the state and the defendant. I want to know what the witness knows. I am only asking him questions which the Criminal Court of Appeals have held are competent. In this case we are going to get at the truth."

Further, on the examination of other witnesses, the court said:

"Get somebody that knows something in this case. Surely there were plenty of witnesses that might be obtained."

And again said:

"All right, has the defendant anything? Is there anybody that lives down there—I could have got some witnesses."

These statements, in the presence of the jury by the learned trial judge, taken in connection with the examina-

tion conducted by the court, tended to indicate to the jury that, in the opinion of the court, witnesses against the defendant could have been had, and that the defendant by objecting was endeavoring to prevent the development of the truth. However worthy the motive of the court was it must have had some effect upon the jury. A judge presiding at a trial occupies a high and authoritative position before the jury. He has it in his power by words or action, or both, to materially influence their verdict, and while it is proper for a trial judge to interrogate a witness for the purpose of making clear any point which may be obscure, yet he cannot conduct a lengthy examination which would tend to indicate his opinions, even though particular questions taken alone might not have that effect. Wilson v. Territory, 9 Okla. 331, 60 P. 112; Hicks v. United States, 2 Okla. Cr. 626, 103 P. 873; Reed v. State, 5 Okla. Cr. 365, 114 P. 1114; Harrison v. State, 11 Okla. Cr. 14, 141 P. 236; Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Shepherd v. State, 17 Okla. Cr. 631, 192 P. 238; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56; Westfall v. State, 30 Okla. Cr. 115, 235 P. 270.

For the reason that the case may be again tried, we refrain from any comment on the evidence. The case is reversed and remanded.

BESSEY, P. J., absent, not participating.

DOYLE, J., concurs.