## A. L. LACY v. STATE.

No. A-5124.    Opinion Filed Jan. 9, 1926.
(242 Pac. 296.)

Pryor, Stokes & Carver, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Hughes county upon a charge of forgery in the first degree, and has appealed.   Briefly summarized, the evidence is that the defendant was living on a tract of land in Seminole county belonging to a negro named Mark Ingram.   Ingram had been in litigation over the title to this real estate with another, one Turman,

who had leased the land to the defendant. The litigation was finally determined in favor of Ingram, and some time thereafter the defendant, with some negro posing as Ingram, went to Holdenville, and there had executed a deed. The negro posing as Ingram signed by mark. It seems to have been conceded that the deed was not executed by Mark Ingram, the real owner. The defendant claimed that he did not know Mark Ingram; that he bought the land from the negro who represented himself as Ingram, and paid him $2,000 in cash in the courthouse yard.

Only two assignments of error are argued in the defendant's brief: First, error of the trial court in cross-examining witnesses and in making statements in the presence of the jury; second, the insufficiency of the information. The first assignment is based on certain questions asked the defendant by the trial court as follows:

"* * * By Mr. Pryor: That is all. I believe that is all.

"By the Court: Why didn't you deed the land back to him? Everybody in Wewoka knows Mark Ingram, don't they? A. I don't know about that.

"Q. Prominent character up there; has been there for years.

"By Mr. Pryor: I object to the remarks of the court, because I have been here for 16 years myself and never heard of him.

"By the Court: Well, you knew Mark Ingram had been in litigation up there, didn't you? A. I never heard of it.

"Q. Wewoka is a little town at that time? A. I never saw him.

"Q. Why didn't you take that old negro and go to some real estate man in Wewoka?

"By Mr. Pryor: We object to the remarks of the court, being unfair and prejudicial to the rights of the defendant. The witness Mark Ingram already testified that he never lived in Seminole or Hughes county or Pottawatomie county in his life, and was never up here more than one time in a year in his life.

"By the Court: Q. why didn't you take that old negro you bought that—bought this land from to some real estate man in Wewoka? A. Here is where he said he would meet me. Had relatives here.

"Q. But he stated he lived on Red River? A. Yes, sir; he said he made the train straight into Holdenville, one train. I didn't know he could do it, and he had relatives here and would be here on the 16th day of October.

"By the Court: Go ahead. Cross-examine. * * *"

Upon the conclusion of the questions by the court above set out, counsel for defendant took the defendant over somewhat the same ground at considerable length. This court has had occasion on numerous occasions to consider assignments of error based on examination of witnesses and statements by the trial court, and it has been the uniform holding that, where it appears that the examination or statements of the trial court were of such character as to indicate to the jury the opinion of the court as to the guilt of the defendant or the credibility of the witnesses, such examination is prejudicial and reversible error. Harrison v. State, 11 Okla. Cr. 14, 141 P. 236; Reed v. State, 5 Okla. Cr. 365, 114 P. 1114; Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Hicks v. U. S., 2 Okla. Cr. 626, 103 P. 873; Stricker v. State, 26 Okla. Cr. 141, 222 P. 704; Westfall v. State, 30 Okla. Cr. 115, 235 P. 270; Talliaferro v. State, 20 Okla. Cr. 57, 200 P. 1068.

It has been held, however, that the trial court is

more than a mere umpire, and in the interest of justice and for a full development of facts he has a right to interrogate witnesses and to see that both sides have a fair and impartial hearing. Jones v. State, 20 Okla. Cr. 154, 201 P. 664; Nix v. State, 20 Okla. 373, 202 P. 1042, 26 A. L. R. 1053. After a careful consideration of the questions propounded by the court here complained of, we think it cannot reasonably be said that there was any prejudicial error shown.

Upon the second assignment of error, it is contended that the information is insufficient in failing to allege that Mark Ingram was the owner of the property described in the forged deed. The information was drawn under section 2070, Comp. Stat. 1921, the pertinent part of which is as follows:

'Any person who, with intent to defraud, forges, counterfeits, or falsely alters, * * * any deed or other instrument being or purporting to be the act of another, by which any right or interest in real property is, or purports to be, transferred, conveyed or in any way changed or affected, * * * is guilty of forgery in the first degree."

The information charges that the defendant "did * * * willfully, unlawfully, falsely, fraudulently, and feloniously make, forge, and counterfeit, and cause to be made, forged, and counterfeited, a certain deed, being and purporting to be the act of another person, to wit, Mark Ingram, which said deed is as follows: [Here the deed is set out in full.]" The information concludes:

"* * * With the unlawful, willful, fraudulent, and felonious intent of him, the said A. L. Lacy, to wrong, cheat, and defraud the said Mark Ingram, contrary," etc.

The statute does not require that, in order to con-

stitute the crime of forgery of a deed, the pretended grantor in the forged deed shall have title to the property which the deed described. It requires only that the deed in a case of this kind purport to be the act of another by which any right or interest purports to be transferred. The word "purport" or "purporting" as used in the above statute defining forgery as applied to a written instrument means the substance as it appears on the face of the instrument—the apparent and not the legal import of the instrument. Black's Law Dictionary; 4 Words and Phrases, Second Series, 69; 32 Cyc. 1270.

Here the deed including the acknowledgment is set out in full in the information. It purports to be the act of Mark Ingram. It purports to convey the title of the real estate described in said deed from Mark Ingram to A. L. Lacy. When the deed is set out and alleged in full, it is not necessary to allege the legal effect of such instrument. Its purport is to be found on the face of the instrument which is alleged.

In the case of Wishard v. State, 5 Okla. Cr. 610, 115 P. 796, a case involving the forgery of a deed, this court held that an information charging the forgery of a deed in substantially the same language as the information in the instant case was sufficient.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.