# JEWELL CARRICK v. STATE.

No. A-7605.   Opinion Filed Nov. 8, 1930.
(292 Pac. 1053.)

C. E. Corbett, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Muskogee county of the crime of manslaughter in the first degree, and her punishment fixed by the court at imprisonment in the state penitentiary for 40 years.

This is the second time this case has been before this court on appeal. In the first trial the jury fixed the defendant's punishment at imprisonment in the state penitentiary for life, but this conviction was reversed for the reason that the commissioners who prepared the list of jurors excluded negroes from the list. Carrick v. State, 41 Okla. Cr. 336, 274 Pac. 896.

Defendant contends, first, that the evidence disclosed that she was insane at the time the homicide was committed, and that she could not be guilty of any crime on account of her mental condition.

The evidence is voluminous, and it would serve no good purpose to set it out in this opinion. Whether the defendant was sane or insane at the time the homicide was committed was a question of fact for the jury, to be determined from the evidence under the instructions of the court.

In the case of Reed v. State, 23 Okla. Cr. 56, 212 Pac. 441, this court said:

"On a trial for murder, where evidence is introduced which in any degree tends to support the defense of insanity at the time of the commission of the homicide, the issue as to whether or not the defendant was then sane or insane is a question of fact for the jury to determine under proper instructions from the court." Baker v. State, 9 Okla. Cr. 47, 130 Pac. 524.

The jury, under the instructions of the court, having found the defendant guilty, must also have found her sane at the time of the commission of the homicide. There being sufficient competent evidence in the record to sup-

port the verdict of the jury, the trial court did not err in overruling defendant's demurrer to the evidence and her motion for a new trial on the ground that the evidence was insufficient to support the verdict of the jury.

The defendant next contends that the trial court made prejudicial remarks in the presence of the jury, which prevented the defendant from having a fair and impartial trial.

It appears from the record that, when one of the doctors testifying for the defendant was being examined in regard to the sanity of the defendant, the court asked the witness this question: "Most all of you doctors take the position that most everybody is insane, more or less, don't you?" Defendant's counsel objected to this question, and the same was immediately withdrawn and the jury instructed not to consider it. The question was, if not improper, at least ill-advised. But it is not every improper question or remark of the trial judge that will justify a reversal.

In Calloway v. State, 38 Okla. Cr. 418, 262 Pac. 696, this court said:

"It is not every improper remark of a trial court that will justify a reversal; if the remarks are such as might reasonably influence the jury against the defendant, a new trial should be granted; but if, after an examination of the record, it is clear that the verdict is right, and that, even if the remarks had not been made, the jury could not reasonably have returned a different verdict, the conviction will be affirmed."

The defendant also complains that the trial judge prejudiced her case in the minds of the jury by examination of certain witnesses. The trial judge has a right to ask any witness on his own motion such questions as will

tend to elicit the truth, but they should be asked in the spirit of fairness and in such a way as will not tend to prejudice the jury against the rights of either the state or the defendant. Simmons v. State, 31 Okla. Cr. 317, 238 Pac. 871; Johnson v. State, 33 Okla. Cr. 56, 242 Pac. 277.

There is nothing in the record to indicate that the rights of the defendant were in any wise prejudiced by the question asked by the trial judge in the case at bar.

The defendant next contends that the court erred in his instructions to the jury, particularly upon the question of the sanity of the defendant.

The court did err in giving instruction No. 17, which reads as follows:

"You are instructed that if by reason of disease affecting the mind, the mental faculties of the defendant were so impaired or perverted, that she was unable to distinguish between right and wrong as to the particular act at the time of the commission of the crime, with which she is charged; or if she was able to recognize that it was wrong, and yet was impelled by some impulse or delusion originating in a diseased mind to the commission of the act, and was unable by reason of the diseased condition of her mind, enfeebling her will, or otherwise to refrain from its commission, she should be acquitted by reason of insanity."

The trial court no doubt was attempting to give the rule stated in an instruction in the case of Adair v. State, 6 Okla. Cr. 285, 118 Pac. 416, 44 L. R. A. (N. S.) 119, wherein it was said:

"Or knowing its wrongfulness the defendant is not criminally responsible, if by reason of insanity he did not have the will and mental power to refrain from committing such act."

That part of the instructions above quoted had been repudiated by this court in Roe v. State, 17 Okla. Cr. 587, 191 Pac. 1048, and was expressly overruled in the cases of Tittle v. State, 44 Okla. Cr. 287, 280 Pac. 865. Arms v. State, 49 Okla. Cr. 34, 292 Pac. 76.

The instruction in the case at bar was more favorable to the defendant than was justified by the law or the facts, and, since the error was in her favor she will not be heard to complain.

The other instructions fairly state the law, and are as favorable to the defendant as the facts in the case warrant. The defendant made no objections to the instructions given, and saved no exceptions to the same.

In Cruzan v. State, 13 Okla. Cr. 71, 161 Pac. 1179, this court said:

"Errors assigned upon instructions given by the trial court will not be considered upon appeal, whee the record fails to show that any objections were made or exceptions taken to such instructions at the time they were given."

The defendant next contends that the court erred in failing to give certain requested instructions.

This court has repeatedly held that it is not error for the trial court to refuse to give a requested instruction, although it may be a correct statement of the law, if the principles therein contained have already been given in the general instructions. Manning v. State, 7 Okla. Cr. 368, 123 Pac. 1029; Hawkins v. State, 24 Okla. Cr. 82, 216 Pac. 166; Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168; Dixon v. State, 46 Okla. Cr. 25, 288 Pac. 357.

In the case of Anderson v. State, 8 Okla. Cr. 91, 126 Pac. 840, Ann. Cas. 1914C, 314, this court said:

"The question of the sufficiency of the instructions and the action of the court in refusing to give special instructions requested must always be considered and determined by the facts of each case in which they arise."

Since the defendant made no objection and saved no exception to the instructions given by the court, and since the substance of the instructions requested had already been given by the court on its own motion, it was not error to refuse to give the requested instructions.

Defendant complains of other errors, but they are all without merit.

Twice defendant has submitted her case to a jury, and each time the jury has found her guilty. Some of the state's witnesses changed their testimony in the second trial so that it was more favorable to the defendant than in the first trial, and yet the jury found her guilty. Justice demands that there shall be an end to litigation and that the guilty shall be punished.

The errors of law complained of being without substantial merit, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.