## I. J. ALDER v. STATE.

No. A-8311. June 11, 1932.
(12 Pac. [2d] 545.)

A. G. Morrison & Sons, for plaintiff in error.

J. Berry King, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of the crime of murder and his punishment fixed at death.

The record discloses that, at the time charged, the defendant shot and killed his brother-in-law, Tom McDonald, the wife of his brother-in-law, Nora McDonald, and also attempted to kill his own wife, but the gun failed to fire. The wife of defendant, the only eyewitness to the shooting, called by defendant, testified in part:

"* * * Q. He shot Tom? A. He shot Tom when Tom reached for the gun. Q. When Mr. Alder shot Tom McDonald, was McDonald fighting him or anything? A. No, sir, he was not. Q. Was there any argument going on? A. There was no argument whatever. There was none whatever, and he never even drew the gun on Tom. He drew the gun on me and when Tom reached for the gun he shot right then and Tom fell. Well, his wife screamed and says, 'He has shot Tom,—My God, Tom is dead,' and I says, 'Nora, let's run,' and I run out the front door and she came out behind me. Well, now, we was 20 or 30 feet I suspect from the house and, she said to me, 'My God, Ad, I am shot'—that's my name 'Adeline' and when I turned and looked back—that's when I looked back and she fell. * * *"

Counsel for defendant does not seek a reversal and presents only a plea for a modification of the sentence, basing this entirely upon the contention that defendant was insane, stating:

"* * * The writer of this brief * * * after due consideration and consultation with relatives of the defendant, is going to plead merely for a modification of the sentence imposed upon the defendant from death to life imprisonment. * * *"

The charge in this case is for the murder of Nora McDonald. The homicide was without any provocation. The only defense was insanity. Defendant did not testify. Prior to this trial an affidavit suggesting the present insanity of the defendant was filed under the provisions of sections 2866-2875, Comp. St. 1921, a trial had before a jury which returned its verdict finding defendant sane. Following that verdict, the trial was had from which this appeal is prosecuted. The evidence of insanity was again introduced, and the court instructed fully on the law of insanity. The evidence of insanity is substantial in character, and the evidence for the state contesting this issue

is likewise substantial. A clearcut question of fact on this issue was presented.

It is settled by many authorities that insanity is a question of fact for the jury to determine under proper instructions. Adair v. State, 6 Okla. Cr. 285, 118 Pac. 416, 44 L. R. A. (N. S.) 119; Baker v. State, 9 Okla. Cr. 47, 130 Pac. 524; Reed v. State, 23 Okla. Cr. 56, 212 Pac. 441; Fray v. State, 46 Okla. Cr. 260, 285 Pac. 142; Carrick v. State, 49 Okla. Cr. 65, 292 Pac. 1053.

Since the only question urged upon this court by this appeal is a modification of the sentence, and this, not by reason of any error occurring at the trial, but solely upon a question of fact, i. e., the insanity of the defendant at the time of the homicide, it is incumbent upon us to determine the power of this court to modify a judgment in a case where no error is asserted nor made to appear.

Under the provisions of section 2820, Comp. St. 1921, there is conferred on this court power to reverse, affirm, or modify the judgment appealed from. The right of modification, however, is not unlimited. It must as a matter of law be within the limits of the punishment fixed by the statute for the offense for which the accused was convicted. It must further be the exercise of a judicial power, as distinguished from the executive power of commutation, reprieve, pardon, or parole. These latter powers are by the Constitution, art. 6, § 10, vested in the Governor as the chief executive officer in the state, as was said by this court in the case of Fritz v. State, 8 Okla. Cr. 342, 128 Pac. 170, 177:

"The power of this court to modify a judgment inflicting the death penalty for murder to imprisonment for life at hard labor when deemed proper in the furtherance

of justice is in no sense the power of commutation of the sentence of the lower court. Commutation can be granted only by the chief executive of the state, and is granted as a matter of clemency. The judicial power to modify a judgment and sentence and the executive power to pardon, parol, or commute are wholly distinct in their nature. The one is an award of justice and the other is an act of grace. Commutation is a matter of discretion and may be refused. Justice is imperative, and must not be denied. The fact that the Governor has the power to commute does not abridge the defendant's right to appeal to this court for relief. In other words, this provision of our criminal procedure act makes it the duty of this court to review the record, and in a proper case, if necessary in the furtherance of justice, modify the judgment so as to prevent the imposition of punishment which the evidence will not warrant."

The power conferred on this court to modify a sentence as a judicial act makes it the duty of this court in a capital case to examine the entire record and to carefully weigh and consider the evidence, including the evidence as to defendant's sanity at the time of the homicide, to ascertain if, in the furtherance of justice, the judgment and sentence of death should be reduced to life imprisonment. In reviewing a capital conviction, this court will not hold an accused to strict rules of procedure, but will endeavor to determine if a carrying out of the judgment would be excessive punishment under all the facts and circumstances. Anthony v. State, 12 Okla. Cr. 494, 159 Pac. 934. In this case, if from the record we entertained a doubt of defendant's sanity and, as a consequence, a doubt of his criminal responsibility, it would be the duty of this court, and we should not hesitate, to reduce the judgment and sentence.

Upon a consideration of the entire record, it is evident that, if the defendant was sane and criminally re-

sponsible for his acts, the homicide is murder and the death penalty fully justified. The question of the present sanity of defendant having been submitted to a jury in a trial to determine that single question, and his sanity at the time of the homicide submitted in the final trial to determine defendant's guilt, and in each instance the verdict being adverse to defendant, this court cannot say the juries erred in their findings of fact or that we doubt the correctness of their findings. Upon what consideration then shall this court modify the judgment? Having regard for the law, we cannot do so for reasons of sentiment or sympathy; we can do so only if we can say judicially that under the entire record the punishment is too severe and that justice requires it to be modified to life imprisonment. So long as the death penalty as punishment for murder is a part of our law, and we are not arguing for an abolition of the death penalty, the deliberate unprovoked killing of another, as shown by the record, unquestionably warrants the extreme penalty.

There are ample safeguards in the law to fully protect from punishment one accused of crime who is not criminally responsible by reason of insanity. In this case a further inquisition may be had as to the mental condition of defendant upon a belief by the warden of the penitentiary of his insanity. Section 2788, Comp. St. 1921. The Governor, for his information, has the power to have an inquisition by alienists appointed by him to determine the sanity of the defendant. Finding no reason for a modification of the judgment and sentence as prayed, the case is affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Blaine county be carried

out by the electrocution of the defendant on Friday, August 19, 1932.

DAVENPORT, P. J., and CHAPPELL, J., concur.