## LOT RAVENSCRAFT v. STATE.

No. A-3895. Opinion Filed May 12, 1923.

(214 Pac. 946.)

### (Syllabus.)

1. **Appeal and Error—Conviction on Conflicting Evidence—Affirmance.** The weight of the evidence and the credibility of the witnesses are for the jury. This court will not reverse 'a judgment of conviction based on conflicting evidence where there is evidence in the record which, if believed by the jury, is sufficient to sustain the verdict and judgment.

2. **Evidence—Fact that Accused Did not Testify not to be Considered Against Him—Instruction.** The trial court, without objection or exception by the defendant, gave the following instruction:

   "You, are further instructed that the fact that the defendant did not take the witness stand in his own behalf is not a circumstance which should be taken in consideration against him, as the burden is on the state to establish his guilt to your minds beyond a reasonable doubt."

   It is held, the giving of the foregoing instruction did not constitute fundamental error.

Appeal from District Court, Harper County; A. G. Sutton, Judge.

Lot Ravenscraft was convicted of larceny of live stock, and he appeals. Affirmed.

W. A. Briggs, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   This is an appeal from a judgment of conviction rendered against plaintiff in error in the district court of Harper county on the 18th day of June, 1920, for larceny of live stock, with punishment fixed as above stated.

Plaintiff in error was jointly informed against with one A. W. Whalen, charged with the larceny of two head of cattle from R. H. Ross and George Strong, the owners thereof, alleged to have been committed on or about the 16th day of June, 1919. At the time of the alleged larceny Ravenscraft was engaged in the butcher business in the town of Laverne, and the proof against him is that, in conjunction with Whalen, he stole the cattle as alleged, butchered the same, and sold the meat in his butcher shop.

A considerable portion of the brief is devoted to argument against the weight of the evidence. It is not contended that the evidence is insufficient to sustain the conviction, but merely that the evidence adduced in behalf of Ravenscraft was more credible and entitled to greater weight and should have been believed by the jury to the exclusion of the state's evidence. While the evidence is conflicting, it was the province of the jury to determine whom to believe and whom to disbelieve. This court is convinced there is sufficient evidence in the record on behalf of the state to sustain the conviction.

Ravenscraft did not become a witness in his own behalf. The trial court, without objection or exception by the defendant, gave the following instruction:

"You are further instructed that the fact that the defendant did not take the witness stand in his own behalf is not a circumstance which should be taken in consideration against him, as the burden is on the state to establish his guilt to your minds beyond a reasonable doubt."

It is strenuously contended in brief of counsel for plaintiff in error that the giving of the foregoing instruction constituted fundamental error. This court holds to the contrary. Russell v. State, 17, Okla. Cr. 164, 194 Pac. 242. For a reason for so holding, see body of opinion in the Russell Case.

Finding no reversible error in the record, judgment is affirmed.

DOYLE and BESSEY, JJ., concur.