## MATT BRACKIN v. STATE.

No. A-4736.   Opinion Filed Jan. 17, 1925.
(232 Pac. 119.)

(Syllabus.)

1. **Appeal and Error—Sufficiency of Evidence—Scope of Review.** Where the sufficiency of the evidence to support a conviction is challenged, this court will examine the record and ascertain if there is sufficient evidence to warrant a conviction, but will not weigh the same.

2. **Trial—Improper for Court to Indicate Opinion on Weight of Testimony or Any Matter of Fact.** A trial court should abstain from any act, comment, or remark which might indicate its opinion as to the credibility of any witness, or the weight of any testimony, or the view of the court on any matter of fact.

Appeal from District Court, Bryan County; George S. Marsh, Judge.

Matt Brackin was convicted of murder, and appeals. Affirmed.

W. F. Speakman, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.   The defendant was charged by information with the crime of murder of one Robert C. Means. The trial resulted in a verdict of guilty, and punishment was assessed at life imprisonment.

The theory of the state was that the defendant and the deceased, with another man, went from Texas into Oklahoma, traveling in a Buick car bearing a Missouri license tag.   They were seen to pass through McKinney, Tex., and

were later seen on the road in Bryan county between the river and Durant and at other places in that county and near Calera in Bryan county, and thereafter the defendant and the other man were seen driving through Durant, and one of them had blood smeared upon him. From Durant the two drove north to the town of Mead, thence north about three and a half miles, at which point the car stalled and was abandoned. The deceased was dragged to the side of the road in some timber, where he was later found, with wounds upon his head, apparently inflicted by means of a hammer.

The evidence of the state was circumstantial, but voluminous in its character, and amply sustains the state's theory. The defense was an alibi, and, if believed, would be ample to acquit him. The plaintiff in error in his brief at page 44 admits that four witnesses for the state positively identified the plaintiff in error as being in the death car referred to in the evidence, but contends that, as other witnesses equally well situated did not identify defendant, the evidence is insufficient. But this raises only the question of the preponderance of the evidence and not the sufficiency of the evidence to sustain the conviction. It has been repeatedly held by this court that it will not weigh the evidence, where the same is conflicting, to determine where the preponderance is. But, where there is substantial evidence to support the verdict of the jury, the credibility and weight are for the jury, and will not be disturbed by this court. McLaughlin v. State, 18 Okla. Cr. 137, 193 P. 1010; Walker v. State, 20 Okla. Cr. 316, 202 P. 799; Sherman v. State, 20 Okla. Cr. 306, 202 P. 521; Ravenscraft v. State, 23 Okla. Cr. 361, 214 P. 946.

It is also contended that the conduct of the trial court in interrogating witnesses and in the making of comments on the admissibility of evidence constitutes prejudicial error. We have examined the record with particularity upon this assignment of error, and reiterate here, what has here-

tofore been the uniform holding of this court, that trial courts should be careful and guarded in their conduct, and avoid allowing the jurors to discover the opinion of the judge as to the weight of any evidence, or the credibility of any witness or of any matter of fact in the case. In fact, a trial court should abstain from any extended examination of a witness, and in ruling on the admissibility of any evidence should abstain from any comments. Every action should be characterized by absolute fairness and impartiality. Hicks v. United States, 2 Okla. Cr. 626, 103 P. 873; Cochran v. State, 4 Okla. Cr. 390, 111 P. 987.

In this case, while the court did examine one witness at some length, yet such questions were on an immaterial matter, and were not in any sense prejudicial to the defendant. We believe there is no merit in this assignment.

A careful examination of the briefs and record in this case convinces us that the defendant was ably represented and had a fair trial; that the verdict of the jury is abundantly sustained by the evidence, and the conviction should be and is hereby affirmed.

BESSEY, P. J., and DOYLE, J., concur.