## ARTHUR BROWNING v. STATE.

No. A-4877.   Opinion Filed Sept. 26, 1925.
(239 Pac. 272.)

374

Wright & Gill, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the district court of Oklahoma county upon a charge of burglary in the second degree, the plaintiff in error, hereinafter called the defendant, has appealed.

Only two assignments of error are argued in the brief of defendant. First: That the court erred in overruling defendant's motion to quash the information; second, insufficiency of the evidence. Upon the first assignment, it is argued that there was no showing made that the defendant had a preliminary examination. An examination of the case-made discloses that the motion to quash was not filed until long after plea had been entered, and not until the jury had been impaneled. Other parts of the record disclose that a preliminary had been had. It is well settled that when an information is filed in the district court charging a defendant with the commission of a felony, the law presumes that the defendant has had a preliminary examination or has waived it, and the information need not allege that fact. The burden of proof is on the defendant in such case if he contends that no prelimi-

nary examination has been had to raise the question by proper motion. Blair v. State, 4 Okla. Cr. 360, 111 P. 1003; Hughes v. State, 7 Okla. Cr. 117, 122 P. 554.

Even if there had been no preliminary, the objection came too late after announcement of ready for trial and the jury had been impaneled. Simpson v. State, 16 Okla. Cr. 533, 185 P. 116. The contention is wholly untenable.

Upon the second assignment argued, the record discloses that on the night of the 12th day of November, 1922, the store of Solts Bros., at Harrah, was broken into and about $300 worth of merchandise stolen therefrom. The following day, which was Sunday, a search warrant was procured and about the hour of 1 o'clock in the afternoon the premises of the mother of the defendant, with whom he lived, were searched, and in a garage near the residence the merchandise stolen, with a few minor exceptions, was found. The defendant was in the residence sleeping, and the following conversation between the defendant and Earl Breedlove, a deputy sheriff, is testified to:

"Q. And did he see this property? A. Well we had taken him out there then.

"Q. You took him out to where this property was? A. Yes.

"Q. What did he say, then? A. He wanted to know if we had a search warrant for the place, and we told him, 'Yes.'

"Q. And what else? A. Well, that's all, I believe; he said then, only me and him talking a little, for he said he was sick and he would like to walk a little, then, and I walked on around back with him to where they was getting the stuff altogether to go on up in town.

"Q. Well, while you was walking with him, what did he say, if anything? A. Well, he says to me, 'You ain't going to take me in unless you take Virg Waner, are you?' I says, 'Why, was he with you?' He says, 'Yes.' I says, 'I will have to bump him, I guess.' "

The evidence also shows that the defendant and Virg Waner left a drug store at Harrah about midnight on the night of the burglary. Also during the period of his confinement in jail before trial the defendant, while denying the charge, offered to pay Solts Bros. the damages sustained by them if they would dismiss the charges against him. There were various other circumstances, not necessary to detail, pointing to the guilt of the defendant, and his own testimony is a continued reiteration of the answer: "I don't remember" or "I don't know." While the evidence is circumstantial, it points very conclusively to the guilt of the defendant, and the jury were fully warranted in finding him guilty. Where there is evidence from which the jury could reasonably arrive at the guilt of the defendant of the crime charged, this court will not set aside the verdict on the ground of insufficiency. Brimmage v. State, 17 Okla. Cr. 205, 187 P. 497; McLaughlin v. State, 18 Okla. Cr. 137, 193 P. 1010; Gunter v. State, 16 Okla. Cr. 476, 184 P. 797; Ravenscraft v. State, 23 Okla. Cr. 361, 214 P. 946.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.