## HERB HYATT et al. v. STATE.

No. A-6222. Opinion Filed April 28, 1928.
(266 Pac. 789.)

D. E. Ashmore and A. W. Anderson, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were informed agianst in the district court of Okmulgee county, charged with the crime of having possession of one complete still, with the intention on the part of them, the said Herb Hyatt and Earl Middleton, to manufacture corn whisky. They were tried and convicted, the jury fixing the punishment of each for a term of three months in the county jail and a fine of $250. Motion for a new trial was filed and overruled and exceptions saved, and the defendants have appealed to this court.

The testimony on behalf fo the state, in substance, is as follows: C. W. Boots testified:

That he was deputy sheriff. That he knew the defendants. That he saw them about 2½ miles south of Henry-

etta. "They met down in kindy of a creek like. There were no other persons with them. I knew the defendants before the time I am speaking of. They were fixing up a still. They were cleaning it and putting it together and filling it with mash. This was about 7 o'clock in the morning when I saw the defendants. They were not near the road. There was no more than a road they had made in there. It was about three-quarters of a mile from the main road, or something like that. We were down in a little canyon. At that time I knew where the defendant Hyatt lived, but didn't know about Middleton. I was there when they came up to the still. George Lutes was with me. When the defendants first came up I guess we were something like 30 or 40 yards from there. It was about 7 in the morning. The defendants came from the southeast. They came from the main road. They were traveling in a Ford touring car.

"Question by the County Attorney: Was there any containers around there? A. Yes, sir; some fruit jars.

"Q. Anything in them. A. No, sir; nothing in the fruit jars.

"Q. It was just some fruit jars they brought with them in the car? A. Yes, sir."

This is all the testimony that was introduced.

The defendants have assigned eight errors alleged to have been committed in the trial of their cause. They will all be treated together. The first assignment is: "(1) The trial court erred in overruling plaintiff in error's motion for a new trial." This error practically covers all of the questions raised in the assignment of errors of the defendants. The testimony in this case is postive as to the fact that the defendants were about 2½ miles south of Henryetta, in Okmulgee county, Okla., in a canyon, and that they were cleaning out a still already set up and filling it with mash. There is no testimony to contradict the testimony of the witness. The defendants urge that the testimony was incompetent because the officer did not have a search warrant or a warrant to arrest the defendants. This court

44

has repeatedly held that it is not necessary to have a search warrant where the officer finds a still away from the home of the defendants and where it is in plain view; and under the law, where the officer sees persons committing a crime, he has the right to arrest them without a warrant. It is not denied by the defendants that they were at the still, nor is it denied that they brought the fruit jars to the still. The jury was the sole judge of the evidence and credibility of the witness, and this court has repeatedly held that where there is credible evidence to support the verdict of the jury it will not disturb the verdict.

In the case of Browning v. State, 31 Okla. Cr. 373, 239 P. 272, paragraph 2 of the syllabus, this court stated:

"Where there is evidence from which the jury may reasonably and logically find the defendant guilty of the crime charged, in the absence of unusual circumstances, this court will not set aside the jury's verdict on account of insufficiency of the evidence." Shields v. State, 32 Okla. Cr. 344, 240 P. 661.

We hold the evidence in this case is sufficient to sustain a conviction; that the instructions of the court were fair to the defendants, and as a whole correctly stated the law; that the defendants had a fair and impartial trial.

Finding no errors prejudicial to the rights of the defendants, the judgment and sentence of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.