## ED STOTT v. STATE.

No. A-6730.    Opinion Filed September 14, 1929.
Rehearing Denied September 29, 1929.
(280 Pac. 634.)

Madden & Hubbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    This case was prosecuted in the district court of Cotton county, Oklahoma, upon information filed by the county attorney, in which it is alleged that on the 9th day of July, 1926, Ed Stott, plaintiff in error, hereinafter called defendant, did then and there willfully, unlawfully, wrongfully, knowingly and feloniously accomplish an act of sexual intercourse with, carnally know, and rape one Ruby Swinford, a female person under the age of 16 years, to wit, of the age of 14 years, and not the wife of the said Ed Stott. The defendant was found guilty, and his punishment fixed by a jury at imprisonment in the state penitentiary for 10 years.

Defendant urges that the evidence of the prosecutrix was contradictory and uncorroborated, and that the defendant positively denied the act of intercourse com-

plained of, and urges that there is no corroboration of the testimony of the prosecutrix.

The prosecutrix, Ruby Swinford, was born on the 13th day of June, 1912, and the crime was alleged to have been committed on the 9th day of July, 1926, which would have made her 14 years and 26 days old at the time of the commission of the offense. In her direct testimony she told a straightforward and simple story of how the defendant came to her father's house and asked her father, who was sick, to send her with him to the defendant's house to get some fresh vegetables and buttermilk for the sick father; that, instead of taking her to his home, the defendant took her by a roundabout way, and on the trip committed four separate acts of intercourse with her. On cross-examination, defendant's counsel did succeed in having the witness contradict herself in some details of the crime, but she always stuck to her story that the defendant actually had intercourse with her four times, and failed in one other trial. Considering the age of the witness and the natural timidity of a young girl in telling the revolting details of this kind of crime, her evidence, even if uncorroborated, was sufficient to justify a verdict of guilty.

The defendant contends that there is no corroboration of the evidence of the prosecutrix. Mrs. J. A. Swinford, the mother of the prosecutrix, corroborated her in her evidence as to the coming of the defendant to the home and the pretext upon which she was induced to leave. The mother testified that the prosecuting witness left in company with the defendant, that she was 14 years old, that when the prosecutrix returned she did not bring any vegetables or buttermilk, that the defendant did not return with her, and that when the girl returned she was very dirty.

Bart Claiborne testified that he saw the prosecutrix and the defendant together the date fixed by the prosecutrix as the time when the crime was committed; that when he approached the car the prosecutrix got into the car, and the defendant pretended to be working with his car; that the girl was lying down in the seat; that the defendant remarked, "I need pulling," and the witness answered, "I think so myself;" that the circumstances under which he saw the prosecutrix and the defendant were such that his suspicions were aroused, and he reported the matter to the county attorney; that the witness accompanied the county attorney and the sheriff to the home of the prosecutrix; that the prosecutrix made a statement, which was written down, and that following the making of this statement the sheriff arrested the defendant; that the day following the arrest of the defendant the witness accompanied the county attorney and the sheriff and the prosecutrix over the route the prosecutrix had told them the defendant took her; and that the prosecutrix pointed out the places where the alleged acts of intercourse were committed, and witness found, from the condition of the weeds and the lay of the ground, physical signs corroborating the evidence of the prosecutrix.

The county attorney, Toby Morris, and the sheriff testified to the taking of the statement and the visit to the scenes of the crime, practically the same as the witness Claiborne and the prosecutrix. C. L. Rice testified to seeing the defendant and the prosecutrix about a quarter of a mile north of the South Mountain View schoolhouse. Mrs. H. D. Pickett testified that she saw the defendant and the prosecutrix at her father's filling station, and described the purchase of soda water and all other matters in connection with their visit there; her evidence being sub-

stantially the same as that of the prosecutrix. Dr. R. W. Johnson testified that he made a physical examination of the prosecutrix, and that upon an examination he found a rupture of the hymen and the labia was swollen, and that the appearance of the hymen was that it had recently been ruptured. All of this testimony clearly corroborates the testimony of the prosecutrix upon every material fact she testified to, except the actual act of intercourse.

At the close of all the testimony, the court required the state to elect on which of the several acts of sexual intercourse it would rely for conviction, and the state elected to rely on assault No. 3, being the one claimed to have been made one mile north of East Cache bridge, where prosecutrix was chained. This court has held that a defendant may be convicted upon the uncorroborated testimony of the woman. Wines v. State, 7 Okla. Cr. 459, 124 Pac. 466; Douglas v. State, 19 Okla. Cr. 257, 199 Pac. 927.

In the case of Browning v. State, 31 Okla. Cr. 373, 239 Pac. 272, paragraph 2 of the syllabus, this court held:

"Where there is evidence from which the jury may reasonably and logically find the defendant guilty of the crime charged, in the absence of unusual circumstances, this court will not set aside the jury's verdict on account of insufficiency of the evidence." Wilson v. State, 32 Okla. Cr. 139, 240 Pac. 155; Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661; Tennison v. State, 32 Okla. Cr. 257, 240 Pac. 323.

The defendant was 44 years of age, a married man, with a family. By false pretense and in a guise of friendship for a sick father, he induced this 14 year old girl to accompany him on what she supposed was an errand of mercy, to obtain food and drink for her father. The

evidence indicates that the defendant never intended to get any vegetables or food, but that he did intend to do the very thing which he did do, and that was to rape this young, innocent girl. After having accomplished his vile purpose, and without having visited his garden or procured any vegetables or milk for the sick father, he compelled or permitted the little girl to walk back home, and now contends that, because in some details she is forced on cross-examination to seemingly contradict herself in her story of what happened, therefore her evidence is of such an unreliable nature that the cause should be reversed. The prosecutrix told a reasonable story. She was corroborated by disinterested witnesses. This evidence was amply sufficient to warrant a verdict of guilty.

For the reasons stated, the judgment is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.