## GARNETT ROEBUCK *et al.* v. STATE.

No. A-2542.  Opinion Filed February 2, 1918.

(170 Pac. 277.)

1. **APPEAL AND ERROR—Discretion of Trial Court—Continuance.**
An application for a continuance is addressed to the sound discretion of the trial court, and the ruling of that court will not be reviewed unless an abuse of discretion is shown.

2. **INDICTMENT AND INFORMATION—Demurrer—Objection to Introduction of Evidence.** Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto as provided by our Code of Criminal Procedure.  Section 5791, Rev. Laws 1910, our code further provides. "When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 5799, Rev. Laws 1910. Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question.

3. **INDICTMENT AND INFORMATION—Absence of Preliminary Proceeding—Variance—Objections.**  Objections to an indictment or information based upon the absence of any essential preliminary proceeding should be made by proper motion or plea before pleading to the merits, and the question of a variance between the allegations of the original complaint before the committing magistrate and the information can be raised only by proper motion or plea filed before the jury is sworn.

4. **LARCENY—Cattle Theft—Sufficiency of Evidence.** In a prosecution for cattle theft, the evidence examined and **held** sufficient to support the verdict.

*Appeal from District Court, Choctaw County;*

*C. E. Dudley, Judge.*

Garnett Roebuck, Will Brown, and D. Graham were convicted of cattle theft, and they appeal.  Affirmed.

*Works & Copping,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiffs in error were jointly tried and convicted in the district court of Choctaw county on an information charging that:

> In said county on or about the 23d day of September, 1914, "the said Will Brown, D. Graham, and Garnett Roebuck did then and there unlawfully, willfully, wrongfully, feloniously, and by stealth and fraud take, steal, and carry away two certain cows the personal property of Jim Arrett, without the consent and against the will of the said Jim Arrett, and with the felonious intent on the part of the said Will Brown, D. Graham, and Garnett Roebuck to convert and appropriate the said cows to their own use and benefit and deprive the owner, the said Jim Arrett, thereof, contrary to," etc.

The jury by their verdict assessed the punishment of Garnett Roebuck at five years' imprisonment, and the punishment of Will Brown and D. Graham at three years' imprisonment in the penitentiary. From the judgments rendered on the verdicts they appeal.

It appears from the record that upon arraignment the defendants entered pleas of not guilty. When the case was called for trial, the defendants moved for a continuance, and filed the affidavit of the defendant Roebuck in support thereof, the substance of which was that the defendants could not safely proceed to trial without the testimony of one Garfield Colbert, a material witness who, if present, would testify that on the day alleged in the information he saw some parties put two cows in the slaughter pen east of Hugo; that he was acquainted with the defendants and they were not the persons who put said cows in said pen; affiant stating that they had exercised due dili-

gence to have said witness present by causing a subpoena to issue for him, and the return of the sheriff showed that said witness could not be found in Choctaw county; "that said witness is a resident of Choctaw county, and has been for a number of years, and affiant believes that if this cause is continued until the next term of court he can have said witness present or have his testimony." It further appeared that Garfield Colbert was a fugitive from justice. Error is assigned on the action of the court in denying the continuance.

The granting or refusal of a continuance rests in the sound discretion of the trial court, and the ruling of that court will not be reviewed unless an abuse of discretion is shown. We think that the trial court acted within its discretion in denying the continuance.

It is next urged that the information is insufficient. The record shows that the first objection to the sufficiency of the information was made when the prosecuting witness was sworn and called as the first witness for the state, at which time defendants' counsel objected to the introduction of testimony:

First. "For the reason that the information fails to charge any offense against the laws of the state; and, second, no property is described in the information with such certainty as to be a bar to a further prosecution under another information, and is so indefinite as not to put the defendants on notice as to the offense with which they are charged, in order that they can make a proper defense in this case."

Which objection was overruled and exception allowed.

Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto, as pro-

vided by our Code of Criminal Procedure. Section 5791, Rev. Laws 1910.

Our Code further provides:

"When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." (Section 5799, Rev. Laws 1910.)

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. However, when the objection to an information for a defect of form apparent on the face thereof is raised for the first time by objection to the introduction of evidence, it comes too late, and the objection should be overruled if the facts stated constitute a public offense. The information in this case is unquestionably sufficient, and would be good on a demurrer thereto. It follows that the objection made was very properly overruled.

The remaining assignments of error require a brief statement of the evidence.

Jim Arrett testified that he lived southeast of Hugo; that his cattle ranged between his home and Horse Prairie; that he missed one red cow pied on her shoulder, and one red and white spotted cow branded "J. E." on the hip, from his range, and the next day he found these cows in a pen at Hugo.

Jim Merrill testified that he lived southeast of Hugo and saw the defendants driving two cows past his place; one was a red cow pied across the shoulder and the other a red and white speckled cow; it was just before sun-up; that they were going west; that Jim Arrett lived about a mile and a half southeast; that Roebeck was riding a bay horse, Brown was riding a sorrel, and Graham was riding a mule.

George Oakes testified that he lived four and one-half miles southeast of Hugo; knew the defendant Roebuck; saw the defendants early in the morning driving two cows; one was red and one was red and white. Roebuck was riding a bay horse, another a sorrel, and the other was riding a mule bareback; that he did not notice any brands; that he telephoned Mr. Collins that he saw these negroes driving the cows.

C. J. Maurer testified that he was in the butcher business at Hugo, and identified the defendant Roebuck as the man who came into his place of business and offered to sell him two cows which he had out in the Musgrove slaughter pen.

Deputy Sheriff Upchurch testified that he was notified that some cattle were being driven by Mr. Oakes' place, and with Deputy Sheriff Ratclif went about three miles east of Hugo; that it had rained the day before and they could see where two riding horses and one a mule had driven two cows, and they tracked them to the Musgrove slaughter pen and there found the cows; that they returned to Hugo and arrested Will Brown and Garrett Roebuck; that Brown said he was just helping, and Roebuck said he just happened to be with these parties.

Deputy Sheriff Ratclif testified that he arrested the defendant Graham and he asked him about driving the cows and he said he was only helping the others and knew nothing about it.

For the defense, Ben Willis testified that he saw Garnett Roebuck and two other negroes southeast of town near the brickkiln driving two cows; one was a red and white spotted cow and branded with three D's on hip and side; that Roebuck's horse was limping and one of the negroes was riding on a sorrel mule; that it was between 8 and 9 o'clock in the morning of September 23d.

Jim Johnson testified that he knew the cows owned by Garnett Roebuck's mother; that one was a red and white spotted cow and one was an old speckled cow, and they were branded with three D's and that he knew Jim Arrett's cattle and his brand was "J. E."; that on September 23d, he saw the defendants driving two cows, but did not notice the brands.

Garnett Roebuck's wife testified that they lived with his mother west of Hugo; that on September 23d Garnett came home just before noon; that these two boys were with him and they were driving two red and white spotted cows that were branded "D" in three places.

The defendant Roebuck testified that on September 22d he was down on Horse Prairie looking for his mother's cattle; that Will Brown was with him and he asked D. Graham to help drive the range; that he found two of her cows; one was red and white speckled, the other red and white spotted branded with three "D's"; that he started home the next morning after sunup and met George Oakes in the road near his home; that they put the cattle in a little pasture; that he never put a cow in

the Musgrove slaughter pen and never told any one that he had two cows in the slaughter pen for sale; that Will Brown and D. Graham were hired and paid by him to help bring these cattle home.

The defendant Graham testified that he helped drive Louisa Roebuck's cattle to her home; that he does not know where the Musgrove slaughter pen is and did not make any statement to Mr. Ratclif as to what he was doing with the cattle.

The defendant Brown testified that Garnett Roebuck hired him to help him with the cattle; that he does not know where the Musgrove slaughter pen is; that he supposed that the cattle belonged to Louisa Roebuck.

When the evidence was all in the defendants filed what they term a plea in abatement on the ground that they had never, nor had either of them, had an examining trial and never had waived such examination, in that the complaint filed before the examining magistrate charged them with the theft of two cows branded "J. T. connected," the property of Jim "Erett"; that these facts developed after the commencement of this trial. Which plea was overruled and exception allowed.

Thereupon defendants moved the court to instruct the jury to return a verdict of not guilty for the following reasons:

"(1) .Because the evidence in the cause is insufficient upon which to base a verdict of guilty and any verdict of guilty would be contrary to the law and the evidence.

"(2) Because there is a variance in the evidence adduced and the allegations of the information filed in this cause, and the charge against these defendants in the examining trial, in this, that the information charges the lar-

ceny of two cows, without any brand or description whatever. The criminal complaint made before the justice of the peace, upon the examining trial, and upon which these defendants were held and are now being tried, charged the defendants with larceny of two cows, the property of Jim Erett, one dark red cow branded J. T. connected, and one red and white spotted cow branded J. T. connected, the property of Jim Erett—and the evidence adduced by the state upon which the state seeks a conviction shows that the two cows are branded J. E.; that the description of the two cows is not the same as the two cows with which they stand charged with stealing, and were held upon examination to answer for stealing."

Which motion was overruled, and which ruling of the court is assigned as error.

The defendants waived preliminary examination and were held to answer to the district court upon a complaint charging the same offense for which the defendants were informed against and tried in the district court, and, if it did not, the question of a variance between the allegations of the original complaint and the information could only be raised by a motion to set aside or quash the information, filed before the trial began; otherwise it is waived. In this case it appears from the record there was no such variance, and if a plea or motion properly raising the question had been entered, it would have been the duty of the court below to overrule the same.

In *Tucker v. State*, 8 Okla. Cr. 428, 128 Pac. 313, it is said:

"We think that it was never contemplated that the information should charge the crime in the same language, or word for word as charged in the preliminary complaint filed before the committing magistrate."

In *Ponosky v. State*, 8 Okla. Cr. 116, 126 Pac. 451, it was held that:

"When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer is unavailing, and was properly overruled."

In our opinion the court very properly overruled the motions filed by the defendants.

The only other assignment of error argued by counsel for the defendants is that the trial court erred in not charging the jury on the law of circumstantial evidence. It is only necessary to say, in disposing of this assignment, that no objection was made nor exception saved to any of the instructions given, and that no request for such instruction was made. It may be added that had such an instruction been requested, under the evidence in the case it would have been properly refused.

Finding no error in the record, the judgments appealed from are affirmed.

ARMSTRONG and MATSON, JJ., concur.