## P. W. HOLDEN v. STATE.

No. A-3220.   Opinion Filed May 24, 1919.

(180 Pac. 969.)

**INTOXICATING LIQUORS — Unlawful Sale — Conviction — Evidence.** The entire record in this case carefully read and examined, and found that the verdict of the jury and the judgment rendered thereon are fully in accord with the undenied evidence in the case, and that no fundamental error was committed in the trial of the cause.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

P. W. Holden was convicted of selling intoxicating liquors, and he appeals. Affirmed.

*Harlan T. Dupree,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, P. W. Holden, was by information jointly charged with Harry Boys with the unlawful sale of intoxicating liquors, tried separately, convicted, and sentenced to be imprisoned in the county jail of Oklahoma county, to pay a fine of $250 and the costs of this prosecution, and, in default of said payment of such fine and costs, to be further confined in said jail until said fine and costs were satisfied as by law provided.  To reverse the judgment rendered, he prosecutes this appeal.

The defendant filed an elaborate motion for a continuance on account of absent witnesses, which motion we deem unnecessary to set out *in extenso.* The court overruled the motion, and the defendant excepted.

The defendant objected to the introduction of any evidence upon the ground "that the information fails to charge any offense under the law committed by defendant P. W. Holden." The court overruled the objection, and the defendant excepted.

The material evidence, which is not contradicted, is: That the defendant at the time alleged in the information was operating a rooming house on North Broadway in Oklahoma City, and that three young country men became his guests for hire and were assigned to and occupied the same room in said rooming house for a night; that before retiring one of them asked the defendant if he had any whisky, and defendant replied "that he had no selling whisky, but would have some the following day, and that he had some $9 goods which retailed for 25 cents a drink"; that one of said men, Thompson, while occupying said room, lost some $21, and complained of his said loss to the defendant; that defendant said he could not help it, and that thereupon the said Thompson and his companions complained to police headquarters, and were there advised to go and buy some whisky from the defendant and then have him arrested; that the police gave Thompson a marked dollar with which to make such purchase, and that Thompson, still accompanied by his associates, one of whom went into the rooming house with him, the other remaining at the foot of the stairs by which said rooming house was entered, found the said defendant, and applied to him for whisky; that the defendant told Thompson to wait; that he did wait some five, or six, or fifteen minutes; that the defendant went into a room, got a half-pint bottle of whisky, and, through one Boys, delivered the same to Thompson, who paid for the same with the marked dollar and received 25 cents

in change; that he then went down the street, and was met by an officer who was waiting there, and who took charge of the said bottle that had been sold Thompson, and immediately thereafter raided said rooming house and found therein other whisky; that the said officer arrested and searched the defendant, and found on his person a small bottle of whisky and the said marked dollar. The bottle and contents sold to Thompson were offered in evidence, and testimony given showing that the said bottle and contents were in the same condition as when the officer received the same from Thompson, and that its contents was whisky.

Upon the conclusion of the evidence for the state, the defendant demurred thereto, which demurrer the court overruled, and the defendant excepted.

The defendant did not testify in the case or offer any material evidence tending to exonerate him of the offense charged, but devoted his efforts to a most extensive cross-examination of some of the witnesses for the state upon immaterial matters.

We have carefully considered the information, and find that it sufficiently charges an offense under the law, and that the court did not err in overruling the objection of the defendant to the introduction of evidence.

The defendant predicated his right to a reversal upon two propositions: First, that the court erred in overruling the motion for a continuance; second, that the verdict of the jury is not supported by the evidence.

It does not appear from the record that the absent witnesses named in the motion for a continuance have ever been summoned by the defendant, and in the motion the whereabouts of the absent witnesses are averred

to be unknown, or so located as not to support with any degree of force the theory advanced by the defendant that he could have said witnesses present at the next term of court. If the absent witnesses had been present and testified as averred in the motion the defendant believed they would, we are impressed with the opinion that their evidence would not have shaken the evidence of the state so as to have worked out an acquittal of the defendant. We are at a loss to understand how it can be reasonably contended that the court abused its discretion and erred in overruling the motion for a continuance.

"An application for a continuance on account of absent witnesses is addressed to the discretion of the trial court, and a judgment of conviction will not be reversed on the ground that the court refused to grant such continuance, unless there appears to have been a manifest abuse of discretion." *Carnes v. State,* 14 Okla. Cr. 585, 179 Pac. 475; *Reed v. State,* 14 Okla. Cr. 651, 174 Pac. 800; *Roebuck v. State,* 14 Okla. Cr. 241, 170 Pac. 277.

The evidence abundantly justifies the conviction of the defendant, and there is not the slightest basis for the contention of the defendant that "the verdict of the jury is not sustained by the evidence," and the court did not err in overruling the demurrer to the evidence, even if such demurrer be regarded as a request for a directed verdict.

The court did not err in overruling the motion for a new trial.

Finding the evidence fully supports the verdict and judgment rendered, and the record free from prejudicial error, and that defendant has had a fair and impartial trial, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.