## HUGH REYNOLDS v. STATE.

No. A-6519.   Opinion Filed June 15, 1929.
Rehearing Denied June 29, 1929.
(278 Pac. 358.)

354

S. A. Horton, for plaintiff in error.

J. K. Wright, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on the charge of having possession of liquor with intent to barter, sell, or give away the same, and was sentenced to pay a fine of $75 and be imprisoned in the county jail for a period of 30 days. Motion for new trial was filed, overruled, and exceptions saved, and the case appealed to this court.

The evidence of the state was, substantially: That the defendant, with one Pauline Cadd, was in one of the hog sheds at the State Fair Grounds in Oklahoma City, and that the defendant was in possession of a quart of whisky. That Pauline Davis, 13 years old, Helen Fay, 15 years old, Charles Clark, and Paul Heck drove into the same hog shed while the defendant and Pauline Cadd were there, and that the defendant, Hugh Reynolds, was in the possession of a quart of whisky. That Hugh Reynolds gave the quart of whisky to Charles Clark, and they forced Pauline Davis and Helen Fay to drink some of the whisky and they became intoxicated. Later the parties all left the hog shed and drove to a pop stand, where they spiked the pop with the balance of the whisky and

drank the same. Charles Clark and Paul Heck and the defendant then drove with these two little girls about the city until 6:30 o'clock the next morning, when they took the little girls home. The defendant testifying on his own behalf claimed he found the bottle of whisky sitting in an old truck in the hog barn, and that he took it and set it down in the barn on a rail, but denied that he gave the liquor to any of the parties. The defendant also admitted that he helped mix the drinks by pouring the whisky into the pop bottles, but denied that the girls drank any part of it. This is in substance the evidence offered by the state and the defense. Two of the state's witnesses testified that the defendant had the bottle of whisky and gave it to them to drink. The defendant claimed that he had found the whisky, admitted that he set it down where Charley Clark could and did pick it up, and the defendant is corroborated in his story by the other witnesses offered by the defendant.

The first assignment of error is that the evidence was wholly insufficient to sustain the judgment of the trial court. If the jury believed the evidence of Pauline Davis, the 13 years old girl, and Paul Heck, there was ample evidence to support the charge that the defendant was in possession of the liquor and did give it to the others to drink. The defendant was a man 23 years of age, a carpenter by occupation, out in the nighttime helping, as the evidence indicated, to lead astray these two young girls. The evidence being sufficient to support the verdict of the jury, the trial court did not err in overruling the defendant's demurrer to the evidence.

The defendant next complains that the court erred in refusing to give instructions Nos. 1 and 2 requested by the defendant. The instructions requested by the defendant did not clearly state the law as applied to the

issues developed by the case. The instructions given by the court on its own motion clearly state the law and were as favorable to the defendant as the evidence in the case warranted. This court has repeatedly held that the instructions must be considered as a whole, and, when considered altogether if they fairly and correctly state the law applicable to the case, they will be sufficient.

The evidence being sufficient to support the verdict, the errors of law complained of not being sufficient to justify a reversal of the case, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.