## HENRY FROMCKE v. STATE.

No. A-6636.  Opinion Filed June 22, 1929.
(278 Pac. 409.)

Owen F. Renegar, for plaintiff in error.

J. G. Springer, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county on a charge of transporting intoxicating liquor and sentenced to pay a fine of $350 and be confined in the county jail for a period of 90 days. Proper steps have been taken and the cause is now in this court on appeal.

The witnesses for the state were deputy sheriffs of Washita county. Witness J. B. Wallace testified that he was undersheriff; that his attention had been attracted to the defendant on account of his suspicious actions and on account of a transaction he had seen between the defendant and one Cal Longley. The officer had seen the defendant pass a package out of the car to Cal Longley on an occasion and under circumstances which led the officer to believe that the defendant might have whisky in his car.

This witness testified the defendant had been moving his car from place to place in the city of Cordell and that, at the time he had asked permission to search the car, it was standing in front of a little restaurant by Charlie Smith's barber shop. The witness further testified that, when he climbed up into the car, the defendant reached around behind himself and pulled out a pint bottle and broke it over the pedal in the bottom of the car. The witness J. C. Kitchen corroborated the testimony of witness Wallace. The defendant called Cal Longley as a witness in his behalf, Longley testified that he and the

defendant had driven from Clinton to Cordell on that day and that on the road the defendant stopped and picked up an empty bottle and put it on a cushion behind himself. On cross-examination the witness admitted that there might have been bottles of whisky in the car for all he knew.

The only question in the case is, Was voluntary consent of the defendant given to search the car? The officer testified that he had no search warrant and made no claim to the defendant that he had one, but merely told him that he would like to search his car, and when the defendant consented, he started to make the search, when the defendant grabbed the bottle of whisky and broke it over the pedal of the car. The evidence discloses consent of the defendant was given to search the car.

In the case of Strong & Johnson v. State, 42 Okla. Cr. 114, 274 Pac. 890, syl., par. 2, this court said:

"Where voluntary consent is given to search automobile, without a valid search warrant, or warrant of arrest, evidence obtained thereby is admissible."

Where the officer approaches the car and advises the defendant that he desires to search the car and the defendant consents to the search, no search warrant is necessary. The defendant further urges that the evidence is insufficient to establish the guilt of the defendant beyond a reasonable doubt. There is sufficient evidence in the record to sustain the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.