## JOHN KING v. STATE.

No. A-6718. Opinion Filed September 14, 1929.
(280 Pac. 855.)

I. L. Cook, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   John King, plaintiff in error, hereinafter called defendant, was jointly informed against with his brothers Lee King and Munford King in the district court of Atoka county, charged with stealing one hog, the property of one Calicoat. A severance was demanded, and the state elected to try the defendant John King first. The trial resulted in a verdict of guilty with punishment assessed at imprisonment in the state penitentiary for two years.

But two questions are presented as grounds for the reversal of this judgment. First, error of the trial court in overruling the demurrer to the information.   The charging part of the information is as follows:

"That one John King, Lee King and Munford King late of Atoka county, did in Atoka county, and in the state of Oklahoma, on or about the 26th day of February in the year of our Lord, one thousand nine hundred and twenty-six and anterior hereto commit the crime of larceny of domestic animals in the manner and form as follows:

"This is to say, the defendants did in said county and state, at the date above named, unlawfully, wrongfully, knowingly, willfully, knowingly, stealthfully and feloniously, take, steal and carry away, by fraud and stealth one hog of the personal property of one W. E. Calicoat, the true owner thereof, with the unlawful, willful, wrongful, fraudulent and felonious intent then and there on the part of them the said John King, Lee King and Munford King to permanently deprive him the said W. E. Calicoat of said property and livestock and to convert the same to the use and benefit of them the said John King, Lee King and Munford King."

The statute defining the offense reads as follows:

"Any person in this state who shall steal any horse, shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five years nor more than ten years; and any person in this state who shall steal any cow, or hog shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than two (2) years, nor more than ten years. The word 'horse' as used in this act, shall include all animals of the equine species, and the word cow shall include all animals of bovine species." Section 2116, C. O. S. 1921.

The particular objection to the information in this case is that the property stolen is not described with enough particularity to identify the transaction. The property is described as "one hog, the personal property of W. E. Calicoat."

In the case of Adair v. State, 15 Okla. Cr. 619, 180 Pac. 253, 255, this court held:

"In an information for the offense of larceny of livestock which describes the livestock stolen as 'two certain steers' it is sufficient description of the property charged to have been stolen."

In the body of the opinion it is said:

"The defendant most earnestly insists that the information is not only duplicitous, but is also fatally defective because the property therein alleged to have been stolen is not sufficiently described. With this contention we cannot agree. The said information is certainly not duplicitous, does not charge two different offenses, and does not tend to mislead the defendant as to the offense charged. That 'two certain steers' is a sufficient description of the property in an information for the larceny of livestock alleged to have been stolen is not an open question in this court, having been decided adversely to the

insistence of the defendant. In Garnett Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277, which was a conviction for the larceny of livestock, the information describes the property alleged to have been stolen in the identical words of description as in the information in the instant case 'two certain cows', and in the opinion in said case Presiding Judge Doyle says: 'The information in this case is unquestionably sufficient, and would be good on a demurrer thereto'."

Cyc. lays down the rule to be:

"An animal is usually sufficiently described by giving its ordinary name, without further particulars." 25 Cyc. 82.

" 'Hog' or 'Head of hogs' is enough to cover any variety of swine."

Under the foregoing decisions of this and other courts construing the sufficiency of indictments and informations charging this crime, the information in this case sufficiently described the animal stolen, and the trial court did not err in overruling the demurrer to the information.

The second assignment of error questions the sufficiency of the evidence to sustain the conviction. While the evidence is circumstantial, and while there is a conflict in the evidence as between the state and the defendant, there is sufficient competent evidence in the record to support the verdict of the jury. This court has always held that, where there is a conflict in the evidence and there is any competent evidence to support the verdict of the jury, the conviction will not be set aside for insufficiency of the evidence. Browning v. State, 31 Okla. Cr. 373, 239 Pac. 272; Wilson v. State, 32 Okla. Cr. 139, 240 Pac. 155; Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661; Tennison v. State, 32 Okla. Cr. 257, 240 Pac. 323;

Miller v. State, 43 Okla. Cr. 184, 277 Pac. 687; Reynolds v. State, 43 Okla. Cr. 353, 278 Pac. 358.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.