## BEN JEWELL v. STATE.

No. A-6904.  Opinion Filed Nov. 30, 1929.
Rehearing Denied Dec. 21, 1929.
(283 Pac. 256.)

M. F. Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Mc-

Curtain county on a charge of having unlawful possession of a still capable of being used for the manufacture of intoxicating liquors, and was sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days.

This prosecution was had under section 2, c. 42, Sess. Laws, Sp. Sess., 1923-24, which act covers several different offenses, one of which is unlawful possession of a still. The charging part of the information is:

"Defendant then and there being, did then and there, unlawfully, willfully, maliciously, have in his possession a still, said still consisting of a thump keg, kettle and condenser, said device being then and there capable of being used in the manufacture and distillation of whisky, without first having registered said still with the county clerk of McCurtain county, Oklahoma."

The defendant first complains that the evidence is insufficient to sustain the verdict of the jury. The evidence of the state was that the officers followed a path leading from the house of defendant out into the woods, where they found several barrels of beer and a still, torn up and scattered around in the woods near a barrel where whisky had been made. We found the boiler and part of the worm, a thump keg, kettle, and condenser, and that the equipment was capable of being used for the manufacture of whisky. This evidence was sufficient to support the verdict of the jury.

The defendant next complains that the trial court erred in permitting evidence to go to the jury with reference to articles found in defendant's home. The sheriff testified that, after they had followed the path from the defendant's house to the still, they went back to the house, and the sheriff went to get a drink of water. The sheriff told the defendant he was not searching the house.

"He asked me if I had a search warrant and I told him I didn't have one but I would get one. I told him I was looking for whisky and he said go ahead and search the house and that searching the house I found 6 one hundred pound sacks of sugar and an empty keg that had had whisky in it."

When the sheriff advised the defendant that he had no search warrant and was not searching his house, and the defendant told him to go ahead and search, he thereby waived his constitutional immunity from search without a warrant. Bayne v. State, 42 Okla. Cr. 81, 274 Pac. 694; Fromcke v. State, 43 Okla. Cr. 309, 278 Pac. 409.

The fact that the sugar and empty keg were found at the defendant's home and the further fact that a path leading from his home to the still were circumstances to be considered by the jury in determining the question of the ownership of the still and the purpose for which it was kept, and were therefore admissible.

The defendant next complains that the court erred in its instructions to the jury. The instructions as a whole fairly state the law as applicable to the facts in the case, and that is all that is required. Guerin v. State, 43 Okla. Cr. 172, 277 Pac. 601; Reynolds v. State, 43 Okla. Cr. 353, 278 Pac. 358.

The errors complained of by the defendant not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.