George Wayne HARLESS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12390.

Criminal Court of Appeals of Oklahoma.

Feb. 20, 1957.

879

Bassman & Gordon, by Jack E. Gordon, Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Larrimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, George Wayne Harless, defendant below, was charged by information in the District Court of Rogers County, Oklahoma, with the crime of robbery by force and fear, 21 O.S.1951 § 792, allegedly committed on December 11, 1955, against one E. L. Stepp, by means of which he did forcibly take and steal $194. He was tried by a jury, convicted, and his punishment set at seven years in the penitentiary. Judgment and sentence were entered on the jury's verdict, from which this appeal has been taken.

The matter comes on for hearing on the state's motion to strike case-made or dismiss. It appears from the record that judgment was entered on March 7, 1956, at which time an extension of forty-five days was granted the defendant to perfect case-made and serve the same. The time for making and serving case-made under the original order expired on April 21, 1956.

Nothing was done until May 29, 1956, when an application was made for extension of time to make and serve case-made and file this appeal. On June 7, 1956, an attempted extension was ordered for a period of sixty days in which to make and serve case-made and file the appeal herein. It is well to note that the appeal was a dead issue on April 21, 1956, and the same was not subject to resurrection under the provisions of 12 O.S.1951 § 962 except for accident or misfortune not reasonably avoidable by appellant. Talliaferro v. State, 20 Okl.Cr. 57, 200 P. 1068, holds that the trial court, upon notice to the adverse party, may make an order fixing the time for filing a case-made beyond the time allowed by statute, but not beyond the time in which an appeal may be commenced in the appellate court. For a case in point on accident and misfortune see Coker v. Vierson, 170 Okl. 528, 41 P.2d 95.

This record does not disclose any attempt to plead facts bringing the appellant within the foregoing provision of statute and the cases construing the same. So, the attempt to revive the dead appeal was vain for want of factual support bringing the situation within the provisions of 12 O.S. 1951 § 962. But, even if the case could have been revived as above set forth, the appeal should have been lodged, herein, on or before August 6, 1956, but was not filed until August 15, 1956, nine days out of time.

For the foregoing reasons, the appeal was not lodged herein within the time allowed by law or lawful extensions thereof, and the Criminal Court of Appeals is without jurisdiction to hear the same.

Motion to strike case-made or dismiss sustained.

POWELL and NIX, JJ., concur.