Lloyd Luman HARRIS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12917.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

**654**

A. A. Berringer, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Lloyd Luman Harris, plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the district court of Creek County with the crime of embezzlement. Trial by jury was waived, and the cause was tried before the court. The court, on December 28, 1959 entered judgment finding the defendant guilty as charged, and fixed the punishment at one year in the State Penitentiary at McAlester.

Petition in error and casemade were filed in this Court on June 9, 1960. Brief was due to be filed within thirty days thereafter (Rule 6, Court of Criminal Appeals, 22 O.S.A. c. 18, Appendix), but was not filed until August 25, 1960. The State was due to file an answer brief within thirty days thereafter, but failed to do so. On November 2, 1960, the State filed a motion to strike casemade, contending that only the record proper could be considered. This would include, of course, the sufficiency of the information to withstand the demurrer shown by the record to have been filed. On the same day, a brief was filed by the State, in which it was urged that the information was sufficient, and that there were no jurisdictional defects. The case had previously been set on the docket for oral argument for November 2, 1960, and oral argument had been waived by counsel for the defendant, and when the case was called it was submitted on the record and briefs, for an opinion.

On November 14, 1960 counsel for defendant, by reason of the State's motion to strike the record as a casemade, filed in this Court a motion for additional time to make and serve casemade. Brief in support of this motion was also filed.

We shall set out the grounds of the State for dismissal, and then consider whether or not the record may be amended and doctored up at this late date to avoid consideration of the record only as a transcript.

The State alleges:

"That the record discloses that on the 28th day of December, 1959, a judgment and sentence was made and entered in the above-styled and numbered cause finding the defendant, Lloyd Luman Harris, guilty of the crime of embezzlement and he was sentenced to a term of one (1) year in the State Penitentiary at McAlester. That notice of intention to appeal from said judgment and sentence was timely given. That on the same day, to-wit: December 28, 1959, and prior to the entry of said judgment and sentence, the defendant's motion for a new trial and motion in arrest of judgment were presented and overruled with an exception noted. That upon the overruling of said motions, the defendant was given 60 days from said date in which to make and serve a casemade, with 10 days to suggest amendments, and to be settled and signed upon five (5) days notice. That no further order

extending the time to make and serve a casemade was ever entered. That the casemade was not served upon the County Attorney until the 31st day of May, 1960, which was more than sixty days from the date of entering the judgment and sentence on December 28, 1959. That the certificate of settlement was signed by the trial judge on the 1st day of June, 1960. The record is certified by the Court Clerk as to being a full, true and correct transcript and casemade of all proceedings, orders, etc. The appeal was timely lodged in the Court of Criminal Appeals on June 9, 1960.

"The record thus being insufficient as a casemade, should be considered only as an appeal by transcript."

Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202, 203, is cited as supporting the State's motion.

In the Boyd case it was held:

"Where it appears from the record that judgment and sentence was entered on March 6, 1952, that the defendant's counsel gave notice of his intention to appeal to the Criminal Court of Appeals, but no request for and no order extending time to make and serve case-made was ever entered, the time for making and serving case-made expired 15 days thereafter or on the 21st day of March, 1952. Title 22 § 1059 and Title 12, § 958, O.S.1951, and where the case-made was served on the county attorney on September 4, 1952, the appeal by case-made was not perfected as by law provided, and is ineffective. However, a defendant may at any time within the six months allowed by law perfect his appeal by petition in error and transcript under the provisions of Title 22, § 1060, O.S. 1951, when the transcript is properly certified by the clerk.

"A transcript of the record does not present for review errors which require a review of the evidence. It presents for consideration of the ap-

pellate court, only the information, minutes on arraignment, instructions given or refused, verdict and judgment and sentence."

While this court in the Boyd case approved the rule limiting the consideration to the record proper, by way of dicta it went further to demonstrate that the appellant would not be entitled to prevail even if proper extensions of time had been obtained.

In the within case after the six months in which appeal must have been perfected, with all proper orders, etc., counsel after receipt of the Attorney General's motion to dismiss, made application to the district court of Creek County for a retroactive order extending time in which to make, serve, settle and file casemade in this Court. The court on November 7, 1960 held that in that the appeal had been lodged in this Court on June 9, 1960 such thereby terminated jurisdiction to grant relief to defendant, which was sought under 12 O.S.A. § 962. Such was a correct ruling as the trial court lost jurisdiction of the case when appeal was filed in this Court.

Now, in the motion filed herein by defendant, he urges that this Court at this late date has authority to grant him an extension of time beyond the sixty days that he originally obtained from the trial court in which to make, serve, settle and file casemade in this Court, although the record was filed herein on June 9, 1960, but not within any extension granted by order of the trial court.

Counsel in affidavit attached to his motion states that his office is in Tulsa, the trial was in Sapulpa, Creek County; that he made arrangements with the court reporter and paid for a casemade and the reporter agreed to get any necessary extensions of time. The record was furnished, served, settled and filed in this Court without discovery of the failure to obtain extensions.

There is attached to the motion affidavit from the court reporter, James W. Garrett, as follows:

"That on the 28th day of December, 1959, after motion for new trial had been overruled by the Court time was fixed by the Court of 60, 10 and 5 days within which to make and serve case-made. Thereupon, Mr. A. A. Berringer, attorney for the defendant Lloyd Luman Harris, requested that I prepare a case-made for appeal to the Court of Criminal Appeals of the State of Oklahoma, and was informed by me at that time that I would watch his time and not let same expire. I had always been of the opinion and had always prepared case-mades in criminal cases with the idea in mind that in cases involving felonies that the time to make and serve case-made was any time within the 6 months allowed by statute to perfect appeal. I was so convinced of this that I didn't secure any orders extending time to make and serve case-made, believing that as long as case-made was prepared and served within the 6 months same would be sufficient, although I was called several times by the attorney for defendant asking if the case-made was ready to be served and informing attorney for defendant on each occasion that I was proceeding as fast as possible due to a heavy court docket, both jury and non-jury, and the case-made was delivered to attorney for defendant well within the 6 months from the date of overruling of motion for new trial filed by defendant."

▇ Under the facts stated, the question is: Does 12 O.S.A. § 962, as amended in 1955, and § 963, authorize and empower this Court to grant plaintiff in error time to perfect his appeal by case made when the time had already passed before the motion was filed.

This Court prefers to pass on all appeals on the merits of the case as a whole, but we are governed by the Constitution and Legislative Acts. The statutory provisions read:

12 O.S.A. § 962, as amended 1955, p. 140, § 1:

"The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

12 O.S.1951 § 963, which has not been amended, reads:

"If the court rendering final order or judgment in a cause, or the judge thereof, shall refuse to allow a reasonable time to make and serve a case, or to file the same in the appellate court, the party desiring to file the appeal or proceeding in error may, upon notice to the adverse party, make application to the appellate court having jurisdiction of such an appeal or proceeding in error, or to one of the justices thereof, for such order, and said court and justices thereof shall have the same power and jurisdiction in relation to such matters as the court in which such final order and judgment was rendered; but their orders shall be filed in the trial court."

The Supreme Court of Oklahoma in Crutchfield v. Forrester, 1939, 184 Okl. 352, 87 P.2d 323, said:

"Section 539 O.S., 1931, 12 Okl.St. Ann. § 963, does not permit the Supreme Court to enter an order of extension of time to make and serve a

case-made after the time for appeal has expired."

See from this Court bearing on the subject: May v. State, 63 Okl.Cr. 165, 73 P.2d 875 (2nd par. of syllabus); Harless v. State, Okl.Cr., 307 P.2d 878.

The Court of Criminal Appeals in Talliaferro v. State, 20 Okl.Cr. 57, 200 P. 1068, said:

"Under the provisions of sections 5246 and 5247, Rev.Laws 1910 [12 O.S.1951 § 962, as amended Laws 1955, p. 140 § 1, and § 963], in case of accident or misfortune which could not have been reasonably avoided by the party appealing, the appellate court may, upon a proper showing, make an order fixing the time for making and serving a case, or filing the same in the appellate court, beyond the time allowed by statute, but not beyond the time within which an appeal may be commenced in the appellate court."

In the Talliaferro case, this Court did grant additional time to prepare casemade but application was timely made prior to the expiration of the time in which appeal could be perfected.

It will be noticed in the 1955 amendment to Section 962 that the clause "and in case of accident or misfortune which could not reasonably have been avoided by the party appealing" was omitted and it was provided that the court "in the exercise of judicial discretion" could grant the extension, but the statute still provides: "but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

But even if the within motion had been filed in this Court prior to the expiration of the six months within which to perfect appeal, the Court in exercising its judicial discretion would have been faced with the holding of the Supreme Court of Oklahoma that the appealing party, and not the court reporter, has the duty to secure necessary extensions of time to pre-pare and serve casemade. See treatment of the proposition in Hargrave v. Greer, 182 Okl. 608, 79 P.2d 221, which places the burden on counsel to check the court records from time to time and secure necessary extensions of time for preparation of record.

This brings us to a consideration of the sufficiency of the information, to which counsel for defendant had interposed a demurrer, and which the trial court overruled. The charging part reads:

"That the said Lloyd Luman Harris, in the County and State aforesaid, on or about the day and year aforesaid, was then and there the bailee of one S. D. Giacomo Company, and that by virtue of his being such bailee, a trust relation of bailor and bailee then and there existed, and that the said Lloyd Luman Harris as such bailee of said S. D. Giacomo Company was then and there entrusted with and had in his possession and control for the use of the said S. D. Giacomo Company approximately seven cases of coffee and Crisco shortening, of the approximate value of $150.oo, which merchandise was in his possession and under his control by virtue of said trust as such bailee of the said S. D. Giacomo and that he said Lloyd Luman Harris did, then and there while such trust relation existed and while he was so entrusted with the said merchandise, unlawfully, wilfully, fraudulently and feloniously with the unlawful, fraudulent and felonious intent to so do, embezzle, convert and appropriate the said merchandise to his own use and to a use and purpose not in the due and lawful execution of his trust as such bailee."

The prosecution was based on the alleged violation of 21 O.S.A. § 1455, which relates to "Embezzlement by [a] bailee". It reads in part:

"If any person being intrusted with any property as bailee * * * fraudulently converts the same or the pro-

ceeds thereof to his own use, or secretes it \* \* \* with a fraudulent intent to convert to his own use, he is guilty of embezzlement," etc.

Section 1451 of Title 21 O.S.1951 defines embezzlement as follows:

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted."

Counsel argues in his brief:

"The information here does not even attempt to inform the defendant of how he became a bailee nor his duties as such bailee \* \* \*. There are absolutely no facts pleaded upon which defendant could prepare a defense."

■ This Court in McCoy v. State, 92 Okl.Cr. 412, 223 P.2d 778, and cases cited, stated a definite rule for testing the sufficiency of an information as against a demurrer, as follows:

"An information or indictment which, construed under the ordinary rules of construction, states all the essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial, and to plead the judgment in bar, if again informed against for the same offense, is sufficient."

But counsel further insists that the information does not sufficiently describe the property alleged to have been embezzled. He complains that the information does not state how many cases of coffee, the kind of coffee, or the number of containers in a case, etc.

■ It has been observed that the information describes the property alleged to have been embezzled as "approximately seven cases of coffee and Crisco shortening, of the approximate value of $150.oo".

In King v. State, 44 Okl.Cr. 311, 280 P. 855, this Court, speaking through Chappell, J., said:

"An information for the offense of larceny of live stock, which describes the live stock stolen as 'one hog' is a sufficient description of the property charged to have been stolen."

The same principle would apply where the charge was embezzlement.

See also Adair v. State, 15 Okl.Cr. 619, 180 P. 253; Roebuck v. State, 14 Okl.Cr. 241, 170 P. 277; Zeligson v. State, 43 Okl. Cr. 24, 276 P. 791.

We conclude that the information was sufficient to charge the offense of embezzlement by a bailee.

We find no reversible error disclosed by the transcript.

The judgment of the Court must, therefore be, and is affirmed.

NIX and BRETT, JJ., concur.